## Chesapeake & Ohio Railway Company v. Stump.

(Decided September 23, 1915.)

### Appeal from Lawrence Circuit Court.

1. Damages—Personal Injuries—Instructions.—An instruction authorizing a recovery for a certain element of damage. is not prejudicial, where it is clear from the circumstances of the case and the size of the verdict that no allowance was made for such item.

2. Damages—Medical Bills—Nursing—Effect of Husband Furnishing Money to Pay Same.—Where expenses are incurred for medicine, nursing and medical attention, plaintiff may recover such item, notwithstanding the fact that her husband furnished her the money to pay same. Payment to the wife, under such circumstances, will acquit the company of all liability.

M. C. KIRK, WORTHINGTON, COCHRAN & BROWNING and F. T. D. WALLACE for appellant.

JOHN W. WOODS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER.—Affirming.

In this action for damages for personal injury, plaintiff, Maggie Stump, recovered of the Chesapeake & Ohio Railway Company a verdict and judgment for $500. The defendant appeals.

Plaintiff was injured while attempting to board one of defendant's passenger trains at Walbridge. It is conceded that the evidence was sufficient to show that the step was unreasonably high. According to plaintiff's evidence, her foot slipped and she was thrown with some violence against the step and railing of the car. From that time on she suffered considerable pain in her abdomen. About twelve days later a miscarriage took place. Some few days after that her womb was removed.

After giving the proper measure of damages, the court instructed the jury that they could not find anything for plaintiff on account of the operation, whereby her womb was removed, unless they believed from the

evidence that said removal was caused or made necessary by reason of the injuries complained of in the petition. It is insisted that the evidence of the attending physicians shows clearly that the womb was diseased, and that the removal was not necessary by her injuries. It is, therefore, argued that the court erred in authorizing a finding, based on the removal of the womb. As before stated, there was evidence tending to show that plaintiff suffered considerable pain and that the accident resulted in a miscarriage. The jury fixed the damages at $500. We think it clear from the evidence in the case and the size of the verdict that no allowance was made plaintiff because of the operation. Manifestly if the jury had believed that the removal of plaintiff's womb was caused by her injuries, the verdict would have been very much larger than $500. It being clear that no damages were allowed because of the removal of plaintiff's womb, the giving of an instruction authorizing damages on that account cannot be regarded as prejudicial error.

Another ground urged for reversal is the fact that the court's instructions authorized a finding not exceeding $485.00 for nursing, medicine and medical attention. It is insisted that this instruction was erroneous, in view of the fact that plaintiff admitted that her husband furnished her the money to pay the bills incurred for such services. We find no merit in this contention. It matters not who furnished the money. It matters not whether the money was given to her, loaned to her or whether it was furnished by herself or by her husband. She was entitled to recover the sum so paid as an element of her own damage. The right of action being in her, payment to her will necessarily acquit the company of all liability, even though the husband happened to furnish the money necessary to pay the bills.

Judgment affirmed.