GRIMES, by guardian *ad litem,* Respondent, vs. SNELL, Appellant.

*May 31—July 13, 1921.*

*Automobiles: Law of the road: Rights of pedestrian at street cross-*
*ing: Automobile colliding with child: Contributory negli-*
*gence: Question for jury: Instructions: Parent and minor*
*child: Medical expenses and loss of earning capacity.*

1. Under sec. 1636—51, Stats., giving operators of automobiles
   equal rights on all public highways with all other users of
   such highways, a foot passenger is not entitled to a right of
   way on a regular street crossing as against an approaching
   automobile, but each must exercise ordinary care and yield
   when danger is imminent.
2. An erroneous instruction that a pedestrian had the right of way
   at a street crossing was not cured by other portions of the
   same charge to the effect that it was the duty of the pedestrian
   to use ordinary care and prudence in crossing the street, but
   that, if the pedestrian observed that the street was clear for
   a distance greater than could be covered by a vehicle operated
   at a lawful rate of speed in order to reach the pedestrian's
   line of travel, she might proceed to cross the street on the
   assumption that vehicles not within such distance would be
   operated in a lawful manner.
3. In an action for injuries to a pedestrian, testimony on behalf
   of the defendant that his automobile was operated at such
   speed that it must have been in plain view when plaintiff
   attempted to cross the street, is *held* to raise a question for
   the jury whether the plaintiff was contributorily negligent in
   attempting to cross ahead of the car, notwithstanding her
   testimony that she looked but did not see the automobile; and
   it was error to instruct the jury that there was no evidence of
   contributory negligence.
4. Where plaintiff was a minor and there was no evidence that she
   was emancipated, it was prejudicial error to charge the jury
   that she was entitled to recover for medical expenses and for
   all impairment in earning capacity from the time of the injury,
   plaintiff's parent being liable for her medical expenses and
   entitled to her earnings until her majority.

APPEAL from a judgment of the circuit court for Craw-
ford county: L. H. BANCROFT, Circuit Judge. *Reversed.*

Action for damages for personal injuries sustained by a collision with defendant's automobile occurring in the afternoon of May 15, 1919, on Main street in the village of Eastman. Plaintiff, about fourteen years of age, was crossing Main street from east to west with a pail of water. When she had proceeded beyond the line of a car standing on the east side of the street and a short distance to the south, she says she glanced south along the street for cars and saw none. She had an unobstructed view south for three or four blocks. When she had almost crossed the street she saw a car standing on the west side thereof with people around it, and she kept her eyes on that car expecting it to start, and she also looked north, and when within eight or ten feet of the west side of the street she was struck by defendant's car coming from the south and was injured. The jury returned a general verdict in favor of plaintiff and assessed her damages at $5,000. The defendant appealed.

For the appellant there was a brief by *Graves & Earll* of Prairie du Chien and *J. M. Clancey* of Stoughton, and oral argument by *Mr. W. R. Graves* and *Mr. Clancey.*

For the respondent there was a brief by *Alvin B. Peterson* of Prairie du Chien and *Kopp & Brunckhorst* of Platteville, and oral argument by *Mr. A. W. Kopp* and *Mr. Peterson.*

VINJE, J. The court instructed the jury as follows:

"It was the duty of the plaintiff to use ordinary care and prudence in crossing the street. But I instruct you that a foot passenger is entitled to the right of way upon a regular street crossing; and if at the time a pedestrian leaves the curb he or she observes the street is clear and there are no vehicles on the street for a distance greater than that which would be covered by a vehicle operating at a lawful rate of speed in order to reach the pedestrian's line of travel, he or she may proceed to cross the street on the assumption that all vehicles not within such distance will be operated at a lawful rate of speed and in a lawful manner."

Grimes v. Snell, 174 Wis. 557.

The instruction was erroneous in that it declared that a foot passenger is entitled to a right of way upon a regular street crossing. Sec. 1636—51, Stats. 1919, provides that "Every owner and operator of an automobile or other similar motor vehicle shall have equal rights upon all public highways of this state with all other users of such highways." Lawful users of highways have equal rights thereon except as modified by the laws of the road. *Sutter v. Milwaukee Board of Fire Underwriters,* 164 Wis. 532, 160 N. W. 57, 1034. There is no modification giving foot users a right of way over other users. Each must exercise ordinary care for his own safety and yield when danger is imminent.

It is claimed the remainder of the instruction quoted modifies the statement that foot passengers are entitled to the right of way on a street crossing, but we cannot so read it. To our minds it rather emphasizes the erroneous statement quoted.

The court also erroneously instructed the jury that "there is no evidence in this case to indicate that the plaintiff was at any time guilty of a want of ordinary care." The defendant claimed that the car standing on the east side of the road south of the crossing started up as he approached it and swung out into the street, and that in order to avoid a collision with it he had to turn to the west side of the road, and just as he passed the moving car he struck plaintiff. He testified he did not see her till the moment of impact and she said she did not see his car till it struck her. Under the circumstances it was a question for the jury to say whether or not she exercised ordinary care for her safety. Had she looked south, as she claimed she did, and made the examination the law requires, she could have seen defendant's car coming north, for his speed was so moderate that he must have been in sight at the time she said she glanced south. The jury might well reach the conclusion either that she did not look with sufficient care or that she did not look at all,

or that she was negligent in not discovering defendant's car in time to avoid a collision after she first glanced south. The question of whether she was guilty of contributory negligence was for the jury to decide. *Moody v. Milwaukee E. R. & L. Co.* 173 Wis. 65, 180 N. W. 266; *Barker v. Savage,* 45 N. Y. 191; 9 A. L. R. 1248, note. The jury might well reach the conclusion that it was no more the duty of defendant to discover her than her duty to see him in time to avoid a collision. *Feyrer v. Durbrow,* 172 Wis. 71, 178 N. W. 306.

There was no evidence in the case that plaintiff was emancipated, and yet the court charged the jury she was entitled to recover for medical fees and services and for all impairment in earning capacity from the time of the injury. This was error. The evidence showed that plaintiff was living with her mother, that she was only fourteen years of age at the time of the injury. The mother was entitled to her earnings till she reached majority and was liable for medical services rendered her. Such instruction was prejudicial error. *Kruck v. Wilbur L. Co.* 148 Wis. 76, 133 N. W. 1117. No one can tell how much of the verdict was made up of these erroneous items of damages.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.