Rang, Administrator, Respondent, vs. Klawun, Appellant.

*December 7, 1928—January 8, 1929.*

Crownhart, J., dissents.

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Barber & Keefe* of Oshkosh, and oral argument by *Frank B. Keefe.*

DOERFLER, J. Defendant's counsel argue that the deceased must be held to be guilty of contributory negligence as a matter of law, and this opinion will be confined to the consideration of this phase of defendant's contention.

Ordinary care as required of a pedestrian in pursuing a direct course in crossing a street may be one thing, and the crossing of a street diagonally may be another. It requires

no argument to demonstrate that the diagonal course pursued by the deceased was fraught with more danger than if he had proceeded to make the crossing directly 'from the west to the east. Had he pursued a direct course from west to east he would have encountered but very little difficulty in ascertaining the approach of a car from either the north or the south. On the other hand, however, the pursuit of the diagonal course toward the northeast required the deceased to turn his head towards the south in order to enable him to perceive the approach of a car from that direction. The degree of care which must necessarily be exercised must be commensurate with the danger which a pedestrian is liable to encounter. Moody, the driver, and the deceased had equal rights and responsibilities upon this street. The law required each to exercise ordinary care. The accident happened in broad daylight, in a block 300 feet long, upon which, barring defendant's automobile, there was at the time no traffic. Under these circumstances it became the duty of the deceased to make an observation, not only at the time he left the west curb, but also before he arrived at the danger point before proceeding across the path of any oncoming north-bound automobile traffic. Had the deceased made his observations upon arriving at the center of the street, he could not but have seen the Ford truck coming from the south. If he were alive, he could not be heard, under the circumstances, to testify that he looked but did not see the automobile. Such testimony necessarily would be discredited on the ground that he either was mistaken or that it was false. The duty to avoid a collision devolved as much upon him as upon Moody, the driver of the truck. Under the uncontradicted evidence in the case, Moody pursued a direct northerly course with his automobile, with his west wheels about two feet east of the east rail of the street-car track. When ten feet distant from the approaching automobile, deceased was directly in its path, and it required merely one

or two steps to free himself from any possibility whatever of collision. In stepping backwards he precipitated the collision.

A rate of speed of fifteen miles an hour of an automobile, even upon the streets of a city, is generally accepted as a very moderate rate. There was expert testimony in the case that the automobile could be stopped, when driven at that rate of speed, within a distance of between twenty and twenty-five feet. Moody, the operator of the truck, was required to exercise no more than ordinary care prior to the collision, and this duty also devolved upon the deceased.

It is argued by plaintiff's counsel, in substance, that the deceased being dead, it must be assumed that when he left the center of the highway he made the observation required by law; that he concluded that he had ample time to make the crossing without being interfered with by the truck. In view of the mutual obligations of the parties immediately herein concerned in this obligation, Moody had a right also to exercise his judgment as to what was necessary in order to avoid a collision. If the deceased made the required observation when he arrived at the center of the highway, then it is unexplainable why, after taking one or two steps to the east, he should be taken by such sudden surprise as to impel him to move backwards towards the west; so that, whether he looked and saw the automobile before he passed into the zone of danger existing with respect to the north-bound traffic, or whether he did not look, he was equally guilty of contributory negligence.

Ordinarily Oregon street is one upon which considerable automobile traffic moves. The deceased lived in the block between the two intersecting streets where the accident occurred. He was not an infant, but a man of mature years, being seventy-three years of age. Nowhere in the evidence does it appear that he had defective eyesight or that he was suffering from a physical defect or malady. Under the evi-

dence in the case, the collision can only be explained, at least in part, by his failure to exercise ordinary care. *Pisarek v. Singer Talking Machine Co.* 185 Wis. 92, 200 N. W. 675; *West v. Day,* 193 Wis. 187, 212 N. W. 648; *Geffert v. Kayser,* 179 Wis. 571, 192 N. W. 26.

Plaintiff's counsel argue that the case of *Ford v. Werth,* 197 Wis. 211, 221 N. W. 729, in which the opinion of this court was handed down in November, 1928, expressly supports the decision of the trial court herein. While there are facts which are common to both cases, the principal facts upon which the decision in the *Werth Case* rested are radically different. In the *Werth Case* the accident happened upon a Saturday night, on Main street, in Oconto, during a period of heavy automobile traffic. What might be ordinary care under a situation existing in the instant case might be deemed utterly inadequate under circumstances existing in the *Werth Case*. In the *Werth Case* the deceased, Ford, while in the center of the street, and at a time while he was making the observation imposed upon him by law, perceived the defendant's automobile directly approaching him, which necessitated his jumping forward in order to avoid the collision. There was also evidence in the case from which it properly could be inferred that the defendant was driving his automobile at an illegal and dangerous rate of speed, in view particularly of traffic conditions, etc. Not only was there ample support with respect to illegal speed, but also with respect to control; and in that case it can readily be inferred that the skidding of the automobile (which was entirely absent in the instant case) resulted both from the illegal speed and the lack of control. Even under these facts, we deem the *Werth Case* rather close.

The deceased lost his life in this collision. Judges are liable to be extremely human in such a situation. The writer is humanly and sympathetically affected, and yet sympathy cannot and should not control the members of the court.

The principles of law involved in automobile injury cases have in the course of time, after great labor and effort on the part of the profession and of the courts, been reasonably definitely settled. It is to these principles now so well established that the members of this court are obliged to resort when they render a decision. By the recognition and application of principles properly established, alone, can the law become a science, and the recognition and application of established principles has dictated the final decision of this case as far as the members of the court are concerned, and there our responsibility ends. To hold otherwise in this case would practically revolutionize the entire precedents of this court with respect to contributory negligence in automobile collision cases.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to dismiss the complaint.

CROWNHART, J. (*dissenting*). I respectfully dissent from the decision of the court. I am of the opinion that the evidence presented a clear jury question as to the contributory negligence of the deceased.

The fact is undisputed that when the deceased started across the street, forty feet wide, the driver of the truck was 300 feet south of the line of crossing. It is undisputed that there was no other traffic on the street at the time. It was broad daylight. The street was dry. The injured man was killed, and his testimony could not be had. It is presumed he looked to the south before crossing the street, and, if he did, he might reasonably believe he was entirely safe from being run down by the truck. He proceeded directly on his way. When he got within ten feet of the west curb, the driver of the truck testified that deceased stepped backward five or six feet. The jurors were not bound to believe this improbable testimony. Evidently they did not, nor did the

trial court. Apparently the truck was going at a dangerous rate of speed. There was credible evidence that the truck struck the deceased with such force that it bounded two feet in the air as it went over the body, and that it continued on its course for 120 feet before it stopped. The truck driver testified that deceased looked south before he started across the street, and again when he got to the center of the street. If so, he exercised due care. The driver admits that deceased had time to cross safely had he not stepped backward some six feet. On that unreasonable story the verdict of the jury, approved by the trial court, is here reversed, solely on the ground of contributory negligence. I think justice has miscarried. If there is anything that jurors and trial courts are competent to pass upon, I think it is the questions of fact involved in automobile traffic cases. They have that common experience in every-day life that specially qualifies them to weigh the testimony of the witnesses.

The deceased was seventy-three years old. He could not be expected to be as spry or alert as a younger man. He was carrying a roll of hose. He knew that he was in plain view of the driver of the truck all the time. He might reasonably expect that the driver would not recklessly run him down. He was not required to exercise the high degree of care that would have been necessary in congested traffic. He had the right of way, being first in point of time in the crossing. It seems to me to have been a clear case for a jury to pass upon.