KNUTSON, Respondent, vs. FENELON, Appellant.

*November 8—December 3, 1929.*

The cause was submitted for the appellant on the brief of *O'Melia & Kaye* of Rhinelander, and for the respondent on that of *John W. Kelley* and *H. F. Steele,* both of Rhinelander.

OWEN, J.  On the 15th day of September, 1926, the defendant was a teacher in the Rhinelander high school.  On the evening of that day she and three other teachers of that school attended a party at a lake cottage outside the city of Rhinelander, making the trip in a car driven by the defendant.  They returned after dark.  It was a foggy night, driving was difficult, and they proceeded with great care.  A short distance outside the city of Rhinelander they approached a narrow bridge, being of a width which afforded room scarcely more than sufficient to permit two cars to pass.  The highway narrows as it approaches this bridge.  As she neared the bridge she saw two cars coming across

it towards her. She turned as far to the right as she could and stopped. She waited until the two cars got off from the bridge when she proceeded onto the bridge. Having stopped at the extreme right of the immediate approach to the bridge, she entered the bridge at an angle. The plaintiff was riding in a Ford car a short distance behind the two cars for which the defendant had waited, and as she entered the bridge the bumper of her car hit the hub-cap of the front left wheel of the Ford. Both cars were running at a low rate of speed. The shock resulting from the collision was apparently slight and did not disturb any of the occupants of either car. However, it was sufficient to shatter the windshield of the Ford car, throwing fragments of glass into the face of the plaintiff, who was riding in the front seat, injuring her eye to the extent that it had to be removed.

The jury found negligence on the part of the defendant in the operation of the car which constituted a proximate cause of plaintiff's injuries, found the plaintiff free from negligence, and assessed her damages at $3,000. That portion of the verdict finding the defendant guilty of negligence is challenged upon this appeal as being unsupported by the evidence in the case.

The testimony of the defendant and the other occupants of her car gives the impression that, upon the whole, during the trip from the cottage into the city, the defendant and the other occupants of her car exercised commendable if not extraordinary care. The night was foggy, she drove slowly, and all occupants of the car maintained a solicitous lookout. However, her conduct generally during the trip is not to be considered if the evidence was such as to justify the jury in finding her negligent in the operation of the car at the time of the accident. While she drew to the side of the road and waited for two cars to cross the bridge, she failed to observe the car in which plaintiff was riding a short distance beyond these cars. There is some contention that her failure to observe this car was due to its dim light. How-

ever, there is evidence in the case from which the jury might find that the Ford lights were efficient. One of the occupants of the defendant's car also testified that she saw the lights on the Ford car coming across the bridge after the other cars had crossed the bridge and passed defendant's car. Owing to the defendant's position at the extreme right-hand side of the road, as above stated, it was necessary for her to enter the bridge at an angle, and it is apparent that as she did so the front bumper of her car swung over to the left of the center of the bridge so that it struck the hub-cap of the left front wheel of the Ford car. Whether she was in the exercise of due care in entering the bridge under these circumstances would seem to be clearly a jury question.

A contention is made in the brief that certain physical facts conclusively demonstrate that it was the Ford car rather than the defendant's car that was on the wrong side of the bridge, and that the Ford car collided with the side of the bridge when turning suddenly to the right to avoid hitting the defendant's car. However, the physical facts relied upon to support this contention are by no means conclusive, and the evidence left it within the province of the jury to determine whether the collision was the result of the negligence of the defendant or of the driver of the car in which plaintiff was riding.

The judgment might well be affirmed without an opinion were it not for the following question. The court instructed the jury that they might award the plaintiff medical and surgical expenses incurred in curing and relieving the personal injuries resulting from the collision. Appellant contends this was error, as there was no proof that plaintiff was emancipated, and, if not, her parents were responsible for these expenses. A similar charge was held to constitute error in *Grimes v. Snell*, 174 Wis. 557, 183 N. W. 895, citing *Kruck v. Wilbur L. Co.* 148 Wis. 76, 133 N. W. 1117, where it was declared erroneous to instruct the jury

that they might allow a minor damages for diminished earning capacity from the time of his injury instead of from the time of his majority. However, our attention is now called to the case of *Berg v. United States L. Co.* 125 Wis. 262, 104 N. W. 60, where it was held that evidence tending to establish the indebtedness of a minor for medical services in such a case was improperly ruled out. It was there said: "Though he was a minor at the time, these bills were for absolute necessaries, and he was liable to pay them." Although a minor may be liable in an action brought by his physician to recover for medical services furnished, it is also true that the parents of the minor are also liable for such services. There is no evidence in this case that the plaintiff was emancipated. It must be assumed that her parents were liable for necessary medical and surgical expenses incurred in curing and relieving her injuries. Should they be called upon to pay for such services they will have a cause of action against the defendant. The fact that plaintiff recovers them in this case will not be a bar to that action. There is no assurance that if the plaintiff collects this item of the judgment she will apply it in satisfaction of such claims. It seems clear that a minor should not be permitted to recover the amount of the expenses incurred for medical services, and the like, in actions of this nature in the absence of proof that the minor alone is responsible for such expenses by reason of emancipation, death of the parents, or that they have been paid by the minor. Where as here the record is silent with reference to the sole responsibility of the minor, such recovery should not be permitted. The court told the jury that the amount of such expenses is not in dispute, and that they amounted to $301. Presumably this amount was included in the verdict. The judgment must be reduced bv this amount.

Perhaps an incident occurring after the jury had retired deserves comment. The jury first returned into court with

a verdict in which they had fixed the damages at $1,500 "plus all expenses connected with this trial only." The court told them that it could not accept this verdict, and directed them to fix a specific amount without conditions. Later they returned a verdict fixing the plaintiff's damages at the sum of $3,000. It is contended by appellant that by this verdict the jury fixed plaintiff's damages at the sum of $1,500 and that the verdict of $3,000 should not be permitted to stand. It is not contended that $3,000 is excessive for the loss of an eye. It seems to be contended by the appellant that when they fixed the damages at $1,500 plus "all expenses connected with this trial only" the jury had exhausted its powers. There is nothing to this contention. The verdict was indefinite in such form and the court properly refused to receive it. Just what the jury had in mind cannot be known. It is not unlikely that they wanted to be sure that the plaintiff received at least $1,500, perhaps assuming that half of the amount of their verdict would be consumed by the expenses of the case. However, there is no occasion to speculate upon the reasoning of the jury. It would have been improper to receive the verdict in the form submitted, and it would have been a gross abuse of discretion to have declared a mistrial. There was nothing to do but to insist upon a correct answer to the question. When so answered, the jury fixed the damages at $3,000 and there is no room to say that it is excessive.

*By the Court.*—The judgment is modified by deducting therefrom the sum of $301, and, as so modified, is affirmed.