RAABE, Respondent, vs. BRZOSKOWSKI, Appellant.

*March 9—April 7, 1931.*

*D. J. Regan* of Milwaukee, for the appellant.
*Harry V. Meissner* of Milwaukee, for the respondent.

ROSENBERRY, C. J.   There is ample evidence in the record to sustain a finding that the plaintiff started south on the west crossing of North avenue at a time when the light was clearly in her favor; that she reached a point somewhere between the south track and the south curb of North avenue before the light changed to amber and that she was struck by the truck while completing the crossing.   There is evidence from which the jury could have found that the defendant started east on the south side of North avenue before the green light turned in his favor, probably at or about the time the light changed to amber, without permitting the traffic then properly on North avenue to clear.   Plaintiff rightfully entered the street.   In doing so she had a right to assume that vehicles proceeding east on the south side of North avenue would give traffic properly upon Third avenue an opportunity to clear.   She saw the truck at a point which in her opinion permitted her to make the crossing safely, and whether or not, under all the circumstances of this case, she was guilty of a want of ordinary care in what she did, was clearly a question for the jury.   Whether the defendant acted thoughtlessly or in intentional disregard of the right of a pedestrian to reach the sidewalk does not appear.   The legal consequences are the same.   The change of the light from red to amber does not justify traffic in moving across the crossing until a reasonable opportunity has been given for travelers properly upon the street to reach the sidewalk. While the testimony of the plaintiff is confused and to some extent contradictory, there is nothing in the circumstances that renders the finding of fact made by the jury at all improbable.   It is not infrequently the case that persons who

are injured as plaintiff was by being thrown some distance violently to the ground, arising in a state of mental as well as physical disturbance, make statements not consistent with the actual facts. The more courteous, thoughtful, and generous people are, the more likely they are under such circumstances to accuse themselves. On the contrary, the loud-voiced rough-neck quite likely arises with an accusation on his lips against some one. Too much weight and significance cannot be attached to statements made by either class under such circumstances.

*By the Court.*—Judgment affirmed.

FAIRCHILD, J., took no part.