McDONALD, Respondent, vs. WICKSTRAND, Appellant.

*October 14—November 10, 1931.*

For the appellant there was a brief by *Hughes & Anderson* of Superior, and oral argument by *R. E. Anderson*.

For the respondent there was a brief by *Curran & Sher* of Superior, and oral argument by *Robert E. Curran*.

FAIRCHILD, J.   A pedestrian crossing the highway within any marked or unmarked crosswalk at an intersection where the movement of traffic is not being regulated by traffic officers or control signals, has the right of way.   Sec. 85.44, Stats., requires the driver of an automobile to yield the right of way to a pedestrian under those circumstances.

The difficulties arising from administering a rule which sought to give the automobile and a pedestrian equal rights at crossings resulted in disadvantages and some misfortune to pedestrians.   The rapid movement and the bulk of the automobile, the thoughtlessness of some drivers, and the determination of the traveler on foot brought conflicts if not collisions which resulted in a feeling that the pedestrian, in the nature of things, ought to have a reasonable opportunity when properly upon the street at a crosswalk to reach the sidewalk.   *Raabe v. Brzoskowski,* 204 Wis. 319, 236 N. W. 133.   This feeling eventually ripened into a public opinion that found expression in the legislation above referred to. That the respondent was where he had a right to be no one

questions, and that he had the benefit of the assurance that the law required oncoming drivers to yield him the right of way is certain.

The appellant does not .question the righteousness of the judgment unless the respondent ought to be held as a matter of law to have failed to exercise ordinary care for his own safety as he was crossing the street just before the collision. Appellant bases his claim, that such should be the rule, upon decisions made before the passage of the crossing legislation above referred to, and also insists with some force and logic that a pedestrian possessing the right of way must exercise his senses of sight and hearing to avoid injury to himself. A pedestrian is not relieved of the duty to exercise ordinary care for his own safety. He cannot act recklessly nor rely entirely upon the fact that he has the right of way, nor unreasonably intrude himself into the midst of traffic. The danger of such proceeding would naturally hold him back, and if carelessly he gets himself into such position the law leaves him remediless. However, the fact that he has the right of way, coupled with a reasonable observation before entering upon the crossing, are circumstances to be considered by the jury in determining whether or not his conduct is negligent.

As to what constitutes ordinary care in such a case is generally, though not always, a question for the jury. Here the element of reassurance as to the right of way and the expected yielding thereof on the part of a driver takes some of the burden of the necessity of dodging across streets from the pedestrian.

So it may be said that one proceeding across a street at a regular crossing, as in this case, who looks to his right and left a sufficient distance to ascertain that no automobile traveling under and according to the requirements of the statute is within a threatening distance from either direction, is not so clearly guilty of negligence as to permit taking the question from the jury. In this case the appellant was approach-

ing the point of collision at a rate of speed many times as fast as that at which the respondent was traveling. The respondent claims that the last time he looked and while at the center of Banks avenue he saw nothing, and it seems quite clear that the appellant's machine was not at that time near enough to interfere with respondent's passage across the remaining portion of the street if he had seen it. The speed of appellant, under the evidence, was not great enough entirely to account for the respondent's not seeing the machine before he did, but there appears in the record enough to warrant the jury in concluding, as it evidently did conclude, that the appellant was not near enough to the crossing at the time of respondent's last observation reasonably to require respondent to stop had the machine been observed. Respondent had a right to proceed in the expectation that those approaching by automobile would observe the rule of law governing in such cases. Under the circumstances it was for the jury to say whether or not the care exercised by respondent was ordinary care for his safety. *Klokow v. Harbaugh,* 166 Wis. 262, 164 N. W. 999; *Grimes v. Snell,* 174 Wis. 557, 183 N. W. 895; *Raabe v. Brzoskowski, supra.*

*By the Court.*—Judgment affirmed.