SCHWARTZ, Respondent, vs. NORWICH UNION INDEMNITY COMPANY, Appellant.

*September 14—October 10, 1933.*

The cause was submitted for the appellant on the brief of *Bender, Trump, McIntyre & Freeman* of Milwaukee, and for the respondent on that of *Rubin & Zabel,* attorneys, and *W. B. Rubin* and *R. R. Stauff* of counsel, all of Milwaukee.

FAIRCHILD, J.   In its brief and oral argument but one contention is made by appellant with respect to the first cause of action.   This contention is that because the allegations show a failure by respondent to pay the judgment rendered against him in the case described a cause of action is not stated; that until such judgment is paid respondent has

suffered no loss or legal damage. This cause of action rests upon a breach of duty *ex delicto* and is sufficient against the objection raised. *Decker v. Mathews,* 12 N. Y. 313; *Metropolitan Elevated R. Co. v. Kneeland,* 120 N. Y. 140, 24 N. E. 381; *Knutson v. Fenelon,* 200 Wis. 261, 227 N. W. 857; *Chesapeake & O. R. Co. v. Stump,* 165 Ky. 708, 178 S. W. 1037; *Patterson v. Springfield Traction Co.* 178 Mo. App. 250, 163 S. W. 955; *Peacock v. Coltrane* (Tex. Civ. App.) 116 S. W. 389.

One who has been subjected to a judgment by reason of fraud practiced upon him by another standing in the relation of insurer is entitled to relief even though he has not paid the judgment. A cause of action in his favor arises and his damage occurs when the liability becomes thus fixed. Neither the right of action nor the measure of damages depends upon the fact of payment. It is enough if by reason of the appellant insurer's fraud the respondent must submit to a liability to pay and the precise sum which he is liable to pay is known, or ascertainable, for then there is no difficulty in fixing the amount of damages. Liabilities resulting from tortious acts are included in damages when they become certain. And borrowing a phrase from 2 Sutherland on Damages, p. 614, in his treatise on the Law of Damages, embracing the elementary exposition of the law applicable to particular subjects of contract and tort, published in 1882, he is "to be morally and legally exonerated by payment; not merely to be indemnified in a perpetual delinquency to his creditor."

The judgment constitutes a legal injury to the judgment debtor regardless of failure of payment previous to the action. A discussion of the liability of a tortfeasor for expenses incurred by reason of an injury in 8 Ruling Case Law, p. 500, applies to this situation and the cases there cited sustain the rule that previous payment is not essential

to recovery; such expenses having been made necessary by the tortfeasor's neglect of duty.

"The liability of a defendant in an action of tort for expenses incurred by the plaintiff by reason of an injury, rests on the ground that such expenses have been rendered necessary by the defendant's neglect of duty; and that liability is not altered by the circumstance that the plaintiff has not, in point of fact, paid such expenses at the time of the trial of his action against the defendant. And so it is immaterial what arrangement the plaintiff may have made for the payment of such expenses or whether he ever pays them, provided only that a legal liability to pay them exists. Therefore if the plaintiff has properly pleaded his special damages, and given proof in support of his pleading, he is entitled to have the jury consider, in fixing his damages, the liability which he is under by reason of such expenses, although he has not, as a matter of fact, paid them."

Assuming that the respondent is able to show that because of the fraud of appellant an avoidable claim against respondent ripened into a valid obligation, it then appears that there has been a fraudulent imposition upon respondent of a liability, from all or a portion of which he is entitled to be relieved. We have given no consideration to other features of the complaint and have treated only the challenge urged here and considered below. The objection advanced lacking force, the grounds of the demurrer failed and the demurrer was properly overruled.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.