BAUMANN (L. O.), Respondent, vs. EVA-CAROLINE HOME LAUNDRY, Appellant.
BAUMANN (RALPH), by guardian *ad litem,* Respondent, vs. EVA-CAROLINE HOME LAUNDRY, Appellant.

*October 11—November 7, 1933.*

For the appellant there was a brief by *Bender, Trump, McIntyre & Freeman* of Milwaukee, and oral argument by *Eugene L. McIntyre.*

*D. J. Regan* of Milwaukee, for the respondents.

WICKHEM, J.    Defendant contends that upon the undisputed evidence the infant plaintiff was guilty of contributory negligence as a matter of law, with respect to maintaining a proper lookout.    This requires a consideration of the facts of the collision.

The collision occurred at the intersection of Burleigh and Twenty-seventh streets.    Burleigh street runs east and west; Twenty-seventh street runs north and south.    Twenty-seventh street has two sets of car tracks, and is forty feet wide. The intersection has sufficient traffic to require the use of traffic lights.    Just prior to the accident plaintiff had been sent by his parents to mail a letter.    The mail box was located at the northeast corner of the intersection.    Since the plaintiff's home was on the west side of Twenty-seventh street, this required him to cross Twenty-seventh street from the northwest to the northeast corner.    According to plaintiff's testimony, he started across, with the green light favoring him and stopping traffic on Twenty-seventh street.

Plaintiff proceeded across the street until, as he claimed, he was within a foot or two of the curb, when he was struck by the truck owned by the defendant, which was proceeding north on Twenty-seventh street. The plaintiff claims that he made an observation at the west curb of Twenty-seventh street, and he saw no traffic coming into the intersection. He then looked at the "Stop" and "Go" lights, and, finding that they were green, started into the intersection, walking east. He testifies that at a point about three-fourths of the distance past the west rail of the north-bound tracks he turned his eyes a little to the south, but saw nothing. He did not hear the automobile of the defendant and did not know what struck him. Defendant's driver testified that the truck was proceeding in a northerly direction on Twenty-seventh street at a speed of eighteen to twenty miles an hour. As the truck approached Burleigh street, approximately twenty feet south of the south curb of Burleigh street, the driver claims that the lights changed to permit the Twenty-seventh street traffic to cross Burleigh street. The driver testified that the truck straddled the east rail of the north-bound tracks, and that he saw plaintiff just a moment before the collision; that plaintiff was in front on the left side of the truck, at about the center of the north-bound car tracks. The driver swung to the left, struck the plaintiff with his left front fender, and stopped the truck in approximately twenty feet.

Defendant claims that the evidence shows plaintiff to have been an infant of normal intelligence and capable of being guilty of negligence as a matter of law, and that plaintiff clearly failed to keep a proper lookout. Defendant relies upon *Brickell v. Trecker,* 176 Wis. 557, 186 N. W. 593, where it is held that "pedestrians cannot heedlessly cross busy city streets, where automobiles and other traffic pass to and fro, without taking the least precaution to discover and avoid approaching vehicles." And upon *Mertens v. Lake Shore Y. C. & T. Co.* 195 Wis. 646, 218 N. W. 85, in

which the court stated that the "duty to look for approaching automobiles is more imperative when attempting to cross a main city street than when crossing a railroad or a street railway track." See, also, *Rang v. Klawun,* 198 Wis. 1, 223 N. W. 121, in which this court required observation in the center of the street in order to discharge the duty of due care on the part of the pedestrian. See, also, *Salsich v. Bunn,* 205 Wis. 524, 238 N. W. 394.

Defendant's contentions upon the facts may be tersely stated. Plaintiff looked to the south before leaving the curb and did not see defendant's truck, although it was a clear day, there was nothing to obstruct his vision, and defendant's truck was not going at such a speed as to be out of sight at the time. Plaintiff made an inadequate observation after arriving at the center of the street because at that time the truck must have been within a very short distance of him. Defendant claims that upon these facts the foregoing cases compel the conclusion that plaintiff was negligent as a matter of law.

The case of *Edwards v. Kohn,* 207 Wis. 381, 241 N. W. 331, is claimed by defendant to be distinguishable upon the ground that there the jury might have reached the conclusion that the speed of the defendant's car was so great as to put him out of the line of vision at the time when plaintiff looked, and *McDonald v. Wickstrand,* 206 Wis. 58, 238 N. W. 820, is distinguished upon the ground that there was evidence there to sustain the jury's finding that defendant was not close enough at the time of plaintiff's last observation to warrant the plaintiff stopping if he had seen defendant's automobile. *Raabe v. Brzoskowski,* 204 Wis. 319, 236 N. W. 133, is distinguished upon the ground that there the plaintiff saw the vehicle at a point which in her opinion permitted her to make the crossing safely.

It is plaintiff's contention that the jury had a right to believe plaintiff when he testified that he entered the intersection with the lights in his favor, and that the jury fur-

ther were entitled to conclude that defendant's truck driver entered the intersection before the lights changed. Reliance is had upon sec. 85.44 (2) of the Statutes, giving the pedestrian the right of way in all cases where he started to cross on the "Go" signal, and sec. 85.75 and sec. 85.12 (3), dealing with traffic signals generally and reiterating the right of the pedestrian lawfully within a crosswalk at the time the green signal is exhibited to continue across the highway. It is contended that plaintiff had a right to assume that vehicles proceeding north on Twenty-seventh street would give east-bound traffic an opportunity to clear. The situation is claimed to fall within the doctrine of the *McDonald* and *Raabe Cases,* heretofore cited.

There is evidence that plaintiff made an observation before entering the intersection, and another when he reached the center of Twenty-seventh street. Hence the question is whether, as a matter of law, these observations were inadequate in view of the fact that there was an unobstructed view south on Twenty-seventh street; that the truck was within 150 to 200 feet of the plaintiff at the time of his first observation, and steadily approaching him, and that in spite of the claimed observation plaintiff did not see the truck until immediately before it struck him. If this were an ordinary city intersection, there might be merit in the contention that plaintiff was guilty of negligence as a matter of law for failing to keep a proper lookout. In view of the fact, however, that traffic at this crossing was controlled by lights, and that plaintiff entered the intersection with the lights in his favor, he would not have the same obligation to make extended observation of the highway as would be the case if the traffic was not controlled by lights.

The fact that plaintiff, before leaving the curb, merely made such an observation as would indicate that the intersection itself was clear of traffic, would not establish his negligence as a matter of law. His obligation to make an

observation after he reached the center of the street would likewise be modified by the fact that traffic competing with his crossing was stopped by the signal, and that even if the lights had changed during his passage, he had a right of way over such traffic. Under these circumstances it was a jury question in this case as to whether plaintiff was guilty of negligence, and it is not apparent that it would not have been a jury question had the plaintiff been an adult. The pedestrian who crosses a busy city street with the signal lights in his favor is entitled to entertain some feeling of security that his right to cross will not be contested by those to whom the traffic signals have closed the highway, and that others will respect the right of way given him by the statute. The question whether there was an undue reliance upon his rights by plaintiff was for the jury.

Defendant's claim that the evidence does not sustain the jury's finding that plaintiff had the right of way is based upon the contention that in several respects plaintiff's testimony was contradictory, and that it was in conflict with that of a wholly disinterested witness. Plaintiff's testimony is not contrary to the physical facts or against all the reasonable inferences. Such criticism as is made of it goes to its weight and not to its sufficiency. Nor does the fact that it conflicts with that of a disinterested witness dispose of it as a matter of law. It was a circumstance which the trial court was entitled to consider in passing upon motions for a new trial, but we cannot say that the trial court abused its discretion when it disregarded it and ordered judgment.

*By the Court.*—Judgments affirmed.