BENEDICT, Respondent, vs. BERG and another, Appellants.

*September 12—October 11, 1938.*

For the appellants there was a brief by *Bird, Smith, Oko-neski & Puchner* of Wausau, and oral argument by *Charles F. Smith.*

*Vernon J. McHale* of Antigo, for the respondent.

FOWLER, J.   The defendants claim, (1) that the court should have directed a verdict for the defendants because upon the evidence as matter of law the defendant driver was not negligent; that if not entitled to judgment dismissing the complaint for that reason, a new trial should be granted, because (2) the plaintiff was on the evidence guilty of contributory negligence as matter of law and the issue of comparative negligence must be tried; (3) the court erred in receiving evidence over defendants' objection; (4) in refusing to give instructions requested by the defendants; (5) the damages are excessive; and (6) a new trial should have been ordered in the interest of justice.

(1) The jury found the defendant negligent as to lookout, speed, and position on the street, but not as to control. They might rightly consider that had he been keeping a proper lookout he would have seen the plaintiff before arriving within ten feet of him, when defendant by his own testimony first saw the plaintiff, and have seen him in time to avoid hitting him.   As to speed, in view of the accident occurring in a business district where the limit is fifteen miles per hour, that finding is supported as the defendant stated he was going eighteen to twenty miles per hour.   We consider the finding as to position on the highway also supported.   No useful purpose would be served by detailing the evidence bearing upon these questions.

(2) Whether the plaintiff was guilty of contributory negligence as matter of law depends on his conduct in crossing the street, whether he was intoxicated, and the extent of his intoxication.   The trial court, though convinced of his intoxication, on the jury's finding relieved him of contributory negligence because of it on the ground that the evidence in its opinion supported an inference which the jury might have drawn that the plaintiff did what would have absolved a sober person from negligence—that is that the plaintiff be-

fore advancing into the path of the car looked not only once but twice up and down the street, advanced to a point in or near the path of the approaching car, and then stopped and was standing still when the car struck him. If a sober person had so done on the assumption that the defendant would see him and turn aside so as to avoid hitting him, and relying on the assumption did not step back out of or away from the path of the car, a jury might have properly acquitted him of negligence if he was on the regular crosswalk. But if the plaintiff was so drunk as to be unable to take care of himself—too drunk to be able to make the assumption that the defendant would turn aside and too drunk to stand still in reliance thereon, too drunk to formulate the assumption and act in reliance thereon—he was negligent. If such was the situation his condition was such that a *prima facie* case was made out that could only be overcome by evidence showing that in stopping in the path of the advancing car and standing still he actually assumed that the defendant would turn out to pass him and relied on that assumption. A sober person, when it appeared that he did as the court considered that the jury might infer the plaintiff did, but for the presumption of acting in self-preservation, would be considered contributorily negligent as matter of law unless he excused his conduct by proving the assumption stated and reliance thereon. If he did not assume that the defendant would protect him and rely on that assumption it would be his plain duty to move to protect himself. There is here not only no proof of such assumption and reliance, but there is proof from which a jury might properly infer that the plaintiff was so drunk that he could not make or rely on the assumption. This would rebut the presumption of action in self-preservation and the presumption that the plaintiff took due care for his own safety and would preclude exonerating him from contributory negligence.

The evidence in this case is such as to well warrant, and but for the impeached testimony of the witness Frey, to impel a finding that the plaintiff was so drunk as to be unable to care for himself or deliberately or consciously advance in front of or close to the path of the approaching car, and stop to allow it to pass in reliance on the assumption that the driver would turn out to pass him. Every witness but Frey thought the plaintiff was drunk, and this witness also thought he was drunk according to his several previous statements, until the time of the trial when he said he didn't "know if he was intoxicated." The evidence establishes beyond dispute that the plaintiff was completely befuddled and unable to take care of himself. Even Frey does not dispute that. He fell off a stool when sitting up to Frey's lunch counter and was unable to get up. He was refused a drink of beer in the tavern next to Frey's because he "had enough." When struck he was crossing the street going toward another tavern on the other side. He had been on the streets in the early evening in an apparently drunken condition and once pulled out of the way of an oncoming automobile. No ill-health is suggested, much less any such as might possibly cause his condition of befuddlement and physical inability to handle himself. His condition cannot be accounted for on any hypothesis but intoxication. The evidence of extreme intoxication is so strong and overwhelming that we think a new trial should be had in the interest of justice, if for no other reason. As a new trial is to be had, some of the other assignments of error should be considered.

(3) The only objection to receipt of evidence is to that of the witness Frey as to the speed at which the defendant was driving. On examination he testified: "I saw the car approaching [the man] one hundred to one hundred twenty feet. At that time I was watching Benedict [plaintiff]. I got a flash of the car. . . . I was looking at the car after

it got within one hundred twenty feet" [of the man]. Counsel for defendant then objected to his testifying as to speed on the ground that he was not qualified to do so. The court overruled the objection. On direct examination being resumed the witness testified: "From what I observed just from looking at the car when it went by me, my estimate of its speed would be about thirty miles an hour." It would appear from the previous answers above quoted that the witness' testimony as to a speed of thirty miles per hour was of little worth. But as he professed to have made an estimate of the speed as the car was passing, it was receivable and for the jury to give it such weight as they saw fit.

(4) (a) One requested instruction, refusal of which the defendants complain, is as follows:

"Sec. 351.59 Any person found in any public place in such a state of intoxication as to disturb others, or unable, by reason of his condition, to care for his own safety or the safety of others, shall, upon conviction thereof, be punished," etc.

"The evidence in this case is conclusive that the plaintiff was in a drunken condition on a public street, which is a public place."

The court in a written opinion filed stated that "the evidence establishes that the plaintiff was intoxicated." Just how intoxicated he was the court did not say, but he was manifestly very drunk. But the court did consider that the plaintiff was in a drunken condition and he was on a public street. If the plaintiff was in such condition as the statute designates and his inability to care for his safety prevented him from avoiding being struck when under the circumstances a sober person in exercise of ordinary care and prudence would have avoided being struck, he was certainly guilty of contributory negligence. We are of opinion in view of the evidence and the court's opinion that the plaintiff was drunk, the court should have given proper instruction relating to intoxication of the plaintiff, even if the statement

in the instruction that the evidence was *conclusive* that the plaintiff was in an intoxicated condition was not warranted.

(b) The other requested instruction for which error is assigned because of refusal to give it is as follows:

"The defendant Berg was not required to have his car under instant control at this point, and what would be negligence in Berg if this accident happened at a regular crosswalk would not constitute negligence in this case where the accident occurred, not on a regular crosswalk. *McAvoy v. Kramer* (Pa.), 120 Atl. 762."

"The defendant had a right to assume that the plaintiff would obey the law and would cross at a regular crosswalk. He also had a right to assume that the plaintiff was not intoxicated and was in a position to see an oncoming car and protect himself. He was not required to drive his car at such a rate of speed that he could avoid hitting a man who appeared suddenly not on a crosswalk and not in a condition to protect himself. *Brewster v. Ludtke,* 211 Wis. 344; *Rang v. Klawun,* 198 Wis. 1."

Assuming that the accident occurred on the crosswalk, the instructions are correct statements of law. It is in dispute whether the plaintiff was struck when he was off the crosswalk or on it. Whether he was on or off was a material fact in the case. If on, it was for the defendant to yield him the right of way. If off, it was for plaintiff to yield to defendant the right of way. We are of opinion that the instructions or similar instructions should have been given, headed with a statement that "if the plaintiff was crossing the street at a place other than the crosswalk," and that the refusal to give such instruction was prejudicial.

(5), (6) As there must be a new trial we shall not discuss the claim of excessive damages. The opinion that a new trial should be ordered in the interest of justice has already been expressed.

*By the Court.*—The judgment of the municipal court is reversed, and the cause remanded for a new trial.