**LUCAS v. INTERSTATE MOTOR FREIGHT SYSTEM et al. (MAHONEY et al., Third Party Defendants).**

No. 7335.

Circuit Court of Appeals, Seventh Circuit.

Oct. 31, 1940.

---

Joseph E. Tierney, of Milwaukee, Wis., for appellants.

R. P. Cavanagh, R. S. Stephenson, and G. A. Mittelstaed, all of Kenosha, Wis., for third party defendants-appellees.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff Jean Lucas sued Interstate Motor Freight System, a corporation, to recover damages sustained as the result of a collision between Ray Mahoney's automobile, in which she and Elaine Nelson and Nellie Walton were guests, and a tractor-trailer truck owned by the defendant (and third party plaintiff) and alleged to have been negligently operated by Morris Dawes, its agent and employee. The Interstate Motor Freight System filed a cross-complaint against Mahoney and General Accident, Fire & Life Assurance Corporation, his automobile liability insurance carrier.

The jury returned a special verdict finding that Morris Dawes, the driver of the truck, was negligent with respect to speed, control of the truck, lookout, observing and obeying the traffic control lights, and in respect to the brakes; that each of these respective findings of negligence constituted a natural cause of the collision except the failure to keep a lookout and the negligence in respect to brakes, respectively, which were not a natural cause of the collision.

The jury exonerated Mahoney from negligence with respect to control and in respect to observing and obeying traffic control lights; found that he was negligent with respect to lookout, but that the collision was not the natural result of the failure on the part of Mahoney to keep a proper lookout. The defendant moved to change the several adverse answers of the jury. The trial court declined to change the answers and entered judgment upon the verdict for plaintiff's recovery of damages from Interstate Motor Freight System and for the dismissal of the cross-complaint. To reverse this judgment, defendant appealed.

There are also two companion cases, Elaine Nelson, No. 7336, and Nellie Walton, No. 7337, filed with this court, which present the identical problem before us in the instant case. It was agreed upon motion made and order duly entered that the decision in this case shall apply to and be held as controlling in the other two cases.

The collision occurred at the intersection of Highways 41 and 43, near Kenosha, Wisconsin. Highway 41 is a north-bound paved road twenty feet wide, divided into two lanes each ten feet wide, and a south-bound paved road twenty feet wide, also divided into two lanes each ten feet wide. The north and south-bound roads are separated by a parkway or grass strip twenty feet wide. Highway 43 runs east and west, slightly from the northwest to the southeast. It consists of two ten-foot lanes, separated by a black line, and as it approaches Highway 41 it widens to four lanes, each about ten feet wide. The passageway in the center parkway is about sixty-two feet north and south and twenty feet east and west. The collision occurred in this passageway. The four corners of the intersection are protected by stop-and-go lights, actuated by trip bars set in the pavement. The traffic light to the east was about 80 feet from the point of collision. The traffic light to the south was about 120 feet from the point of collision.

On the night in question Dawes was driving the tractor-trailer truck north in the right hand or east traffic lane on Highway 41 and Mahoney was driving his automobile southeast on Highway 43. As Dawes approached the intersection the light was green, and when he arrived at the traffic control or trip bars (233 feet south of the base line in Highway 43) the light was still green. At this point he saw Mahoney's

automobile standing at the stop-light east of Highway 41.

The record further discloses that after the stop-light on Highway 43 had changed from red to green, Mahoney, with his automobile under proper control, started west across the intersection, moving at 12 to 20 miles per hour. At this point he noticed the lights on Dawes' truck, then 50 or 60 feet south of the southeast traffic light. This traffic light was then red. Dawes did not stop at the command of the traffic light, but ran through the red light without stopping, at a speed of 30 to 32 miles per hour. He gave no warning that he would proceed through the red light. Dawes first applied his brakes and swerved his truck to the left when he was 30 to 40 feet from Mahoney's automobile. The vehicles collided in the right hand lane for west bound traffic on Highway 43, in the middle of the east half of the parkway on Highway 41. The distance by straight line from the point where the two vehicles came together to the easterly edge of Highway 41 is 25 feet. Thus it appears that Mahoney had cleared the intersection prior to the collision and there was open to Dawes a lane 15 to 20 feet wide to the east edge of the highway.

The only question for determination is whether Mahoney's negligence as a matter of law was the proximate cause of the collision.

The defendant contends that the collision between the two vehicles was the natural result of Mahoney's negligence and it argues that had he maintained a proper lookout he would have seen that Dawes did not intend to yield the right of way; that Mahoney could have turned to the right and the accident would have been avoided.

In considering this contention it is well to remember that all facts that the evidence reasonably tends to prove, must be resolved to sustain the verdict of the jury, Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720, McGill v. Baumgart, 233 Wis. 86, 288 N.W. 799 and Ray v. Milwaukee Automobile Ins. Co., 230 Wis. 323, 283 N.W. 799, and that contributory negligence usually is a question of fact for the jury. Trautmann v. Charles Schefft & Sons Co., 201 Wis. 113, 228 N.W. 741.

It is true that both parties entering an intersection must be vigilant to avoid collisions, Thieme v. Weyker, 205 Wis. 578, 238 N.W. 389, and that one entering an intersection, although having the advantage of the right of way, is not relieved of the duty of maintaining a proper lookout, and his negligence in this respect may be a proximate cause of resulting injury, Whyte v. Lindblom, 216 Wis. 21, 255 N.W. 265, 256 N.W. 244. It is equally true that Mahoney had a right to assume that Dawes, driver of the truck, would not interfere with Mahoney's right of way, but would stop for the red light. Teas v. Eisenlord, 215 Wis. 455, 253 N.W. 795, and Zindell v. Central Mutual Ins. Co., 222 Wis. 575, 269 N.W. 327, 107 A.L.R. 1116.

Under the facts and circumstances in this case, it was clearly a question for the jury as to whether Mahoney's negligence was the proximate cause of the collision. Nelson v. Klemm, 210 Wis. 432, 245 N.W. 657; Young v. Nunn, Bush & Weldon Shoe Co., 212 Wis. 403, 249 N.W. 278 and Baumann v. Eva-Caroline Home Laundry Co., 213 Wis. 78, 250 N.W. 773.

Finding no reversible error in the record, the judgment of the District Court is affirmed.