**A.W. HUSS COMPANY, debtor in possession, a Wisconsin corporation, Plaintiff,**

v.

**CONTINENTAL CASUALTY COMPANY, an Illinois corporation, Defendant.**

Civ. A. No. 82–C–341.

United States District Court, E.D. Wisconsin.

March 24, 1983.

Patrick O. Dunphy, Habush, Habush & Davis, Milwaukee, Wis., for plaintiff.

Thomas N. Harrington, Prosser, Wiedabach & Quale, S.C., Milwaukee, Wis., for defendant.

## DECISION and ORDER

TERENCE T. EVANS, District Judge.

This is a diversity action in which the A.W. Huss Company, a debtor in possession under Chapter XI of the United States Bankruptcy Laws, has sued Continental Casualty Company (CNA), its automobile liability insurer, for bad faith in the settlement of a claim. CNA has moved for summary judgment.

For purposes of the motion, CNA concedes the allegations of the complaint and other "facts" argued by Huss in opposition to the motion. Because issues of fact cannot be determined on summary judgment, I will likewise accept as true plaintiff's version of the facts, even though from the attachments to the affidavit of Patrick O. Dunphy, filed on behalf of the plaintiff, it seems clear that those allegations are not entirely supported by plaintiff's own evidence.

The automobile accident out of which the claim arose occurred on May 20, 1977, at an intersection in Manitowoc, Wisconsin. A car driven by Patricia Mangin, sister of William Mangin, who was riding in the car and whose injuries account for the extensive damages in the case, pulled out in front of a Huss Company truck driven by employee Craig Moldenhauer. Moldenhauer had the right of way; however, he was exceeding the speed limit.

Prior to the accident, on June 1, 1976, CNA had issued to Huss two policies of insurance: a policy of comprehensive automobile liability insurance with bodily injury limits on liability of $100,000.00, and an umbrella excess third-party liability policy with limits of $1,000,000.00 per occurrence. The policies were in effect at the time of the accident.

CNA offered the Mangins first $50,000.00 and then $75,000.00 in settlement of the claim. Plaintiff alleges that the company failed to settle the claim for $100,000.00 when it had an opportunity to do so. In addition, CNA withheld from the Mangin attorney information that the umbrella coverage existed.

Huss also alleges that CNA failed to timely inform it of the $100,000.00 settlement offer and of Huss's rights with respect to the negotiation of a settlement of the claim. Huss alleges that CNA suggested that Huss did not need to retain independent counsel to protect its interests and that CNA failed to examine the financial condition of Huss to determine the impact of a judgment against it.

The claim was settled on May 18, 1981, for the full limits of the coverage, $1,100,-000.00. Huss alleges that the breaches of CNA's fiduciary duty prior to the settlement resulted in the necessity of Huss retaining special litigation counsel in August, 1979. Furthermore, Huss claims that the uncertainty surrounding the litigation caused Huss to suffer business damage which was a substantial factor in causing the company to seek the protection of the Bankruptcy Court in January, 1982.

In the motion for summary judgment CNA argues that under these facts, even accepting the plaintiff's version for purposes of the motion, no cause of action for bad faith exists under Wisconsin law in the absence of an excess judgment against Huss. I agree that, under Wisconsin law, Huss has suffered no damage resulting from any possible bad faith on the part of CNA.

Wisconsin caselaw on the tort of bad faith in insurance claims was reviewed by the Wisconsin Supreme Court in *Kranzush v. Badger State Mutual Casualty Co.,* 103 Wis.2d 56, 307 N.W.2d 256 (1981). The court stated that Wisconsin recognized three separate theories of bad faith recovery. A fourth theory being urged in that case was rejected. The first theory accepted in Wisconsin is a theory arising out of the liability insurer's obligation to settle clearly legitimate claims by third parties against the insured. The insurer breaches its duty to the insured when "it has the opportunity to settle an excess liability case within policy limits and it fails to do so." *Alt v. American Family Mutual Insurance Co.,* 71 Wis.2d 340, 348, 237 N.W.2d 706 (1976).

A second basis for a bad faith claim arises out of the insurer's unreasonable failure to pay a claim submitted by the insured. See *Anderson v. Continental Insurance Co.,* 85 Wis.2d 675, 271 N.W.2d 368 (1978). The third situation in which a claim has been recognized is in the processing of a claim for benefits under a Worker's Compensation policy. See *Coleman v. American Universal Insurance Co.,* 86 Wis.2d 615, 273 N.W.2d 220 (1979).

Plaintiff argues that CNA breached its duty as articulated in *Alt, supra,* in several regards, resulting in injury involving attorney's fees and business damage. The indisputable point is, however, that CNA settled the claim within the policy limits and Huss was not required to pay an excess judgment. That being the case, it is immaterial whether CNA turned down an opportunity to settle for $100,000.00 and ended up paying $1,100,000.00. The difference did not

harm Huss; it harmed CNA. The court stated in *Kranzush* at 63, 307 N.W.2d 256:

> "A settlement within policy limits is, as a practical matter, of no interest to the insured, since the insured has paid his premium and is shielded to the extent of the policy limits."

The court made this statement while at the same time recognizing the duty of the insurer to inform the insured that an excess judgment is a possibility and that the insured may wish to obtain counsel. It seems clear that attorney's fees incurred or anxiety to the insured were not the kind of damages contemplated in connection with a bad faith insurance claim. The claim arises, rather, if "the insurer fails to settle a third-party claim within the limits of the policy" thus exposing the insured to liability for an excess judgment. *Kranzush* at 60, 307 N.W.2d 256.

In *Moutsopoulos v. American Mutual Insurance Co.*, 607 F.2d 1185 (7th Cir.1979), the Court of Appeals reviewed Wisconsin law to determine the extent of damages allowable in a bad faith claim. The conclusion was that Wisconsin would allow damages to the full extent of an excess judgment. In arriving at that conclusion, the court referred to *Schwartz v. Norwich Union Indemnity*, 212 Wis. 593, 250 N.W. 446 (1933), which held that the cause of action arose and damages occurred when an excess judgment was entered.

I am convinced that Wisconsin would decline to extend damages in a bad faith claim to attorney's fees and business damage, as the plaintiff here urges. The insurer must be allowed room to maneuver. If its maneuverings cross the line into bad faith, the insured will have a claim if it is harmed by an excess judgment. However, if the insurer manages to obtain a settlement which prevents an excess judgment, no legally cognizable damage has occurred.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment is granted and the case dismissed.