Allen, J.
 

 The sole legal question involved herein is whether the evidence of the plaintiff below raised a clear presumption of contributory negligence which was not rebutted by any evidence. A decision of this question necessarily involves a consideration of the testimony introduced by the plaintiff upon the trial.
 

 Throughout the course of this opinion the plaintiff in error will' be called the plaintiff, and the defendant in error, the defendant.
 

 
 *601
 
 The substance of the plaintiff’s testimony is as follows:
 

 The doctor’s coupe was struck by an interurban car at the intersection of Kiser and Elm streets in the residential part of Deshler, Ohio, while crossing the track of the interurban railway. The accident occurred at about 10:30 upon Sunday morning, September 11, 1921, as the doctor was driving in his Ford coupe to bring his wife and daughter from Sunday school. Rain had fallen a' few minutes before the accident, but it was not raining at the time. .The doctor was a resident of Deshler and very familiar with the crossing where the accident occurred.
 

 A map of the streets in question made by a civil engineer was introduced in evidence, showing measurements between the streets, the alleys, and crossings in the vicinity. This map shows the distance from the south line of Elm street to the north line of Maple street to be 420 feet. The width of both Kiser and Elm streets at their intersection was shown to be 66 feet. The map also showed trees, poles, and buildings upon Elm street and Kiser street. The track of the interurban railway is located upon Kiser street, intersecting in their order from north to south Plum street, Elm street, and Maple street.
 

 There was no evidence whatever in the plaintiff’s case as to the speed of the doctor’s car. Under the state law, General Code, 1'260’3, the lawful rate of speed is 20 miles an hour for an automobile in that portion of a municipality outside of the business and closely built up section, that is upon a highway such as the streets in question. In the
 
 *602
 
 village of Deshler an ordinance existed, and was in full force and effect at the time, limiting the speed of interurban cars within the village to 10 miles per hour. This ordinance was duly introduced in evidence. The accident occurred within the village. Evidence was given on behalf of the plaintiff by two witnesses, an experienced motorman and an automobile mechanic, to the effect that the interurban car was traveling at the rate of 25 or 30 miles an hour. The automobile was pushed by the street car from Elm street to the center of Maple street, a distance of about 480 feet, before the street car stopped. There is evidence in the plaintiff’s testimony tending to show that the first visible sign that an emergency stop had been made appeared on the interurban track 10 feet south of the southerly curb of Elm street.
 

 Evidence was given by a motorman who had driven the same oar involved in the collision, for the same company, and upon the same track, to the effect that the car which struck the Ford coupe if it were going 10 miles an hour could be stopped in 60 feet, which is a car length; going 15 miles an hour, could be stopped in 90 feet; and going 20 miles per hour could be stopped in 120 feet.
 

 Upon cross-examination this witness testified that upon a “slippery,” as distinguished from a wet or dry, rail, if the wheels slid the motorman would be powerless until he got his sand to working; but also said that it would make a difference on a slippery rail whether the car was going 15 or 30 miles an hour.
 

 Plaintiff’s testimony also showed that the motorman gave a signal for this particular crossing.
 

 
 *603
 
 Evidence was also introduced as to the doctor’s earning power and as to his expectancy of life. The foregoing is a substantial summary of the testimony on behalf of the plaintiff.
 

 The plaintiff offered no evidence whatsoever as to the conduct of the doctor immediately preceding the accident. No testimony was given in that branch of the case indicating whether or not the doctor looked in the direction of the approaching car, listened, or slackened his speed.
 

 ' We have, therefore, a situation in which the record on behalf of the plaintiff tends to establish the violation of the village ordinance and an excessive rate of speed on the part of the interurban car, but fails to disclose the speed of the doctor’s car and fails to disclose whether -or not he looked and listened as he approached the crossing.
 

 Upon this state of facts, should the motion to take the case from the jury have been granted?
 

 It will be observed that the motion made by the defendant was partially predicated upon the theory that the burden of proof in contributory negligence rests upon the plaintiff. This is not the rule in Ohio. However, it is the rule in Ohio that when plaintiff’s evidence raises a clear presumption of contributory negligence which is not rebutted by any evidence, it is the duty of the court to take the case from the jury.
 
 B. & O. Rd. Co.
 
 v.
 
 McClellan,
 
 69 Ohio St., 142, 68 N. E., 816.
 

 It is evident that the Court of Appeals considered that in view of the familiarity of Ur. Norris with the crossing in question, in view of the testimony that a warning signal was given by the motorman for Elm street, Ur. Norris, if he had lis
 
 *604
 
 tened could have heard the car appraching, and if he had looked to the north had time in which to slow down or stop his machine and avoid the collision. In other words, the Court of Appeals held as a matter of law that Dr. Norris did not exercise ordinary care for his own safety.
 

 Negligence is not presumed against any party to an accident. It is no part of the case of the plaintiff in this state to establish lack of contributory negligence; in fact, there is no presumption of negligence as against either party except such as arises upon the facts proved. Indeed, the presumption of law is that neither party is guilty of negligence and such presumption must prevail until overcome by proof.
 
 C., C. & C. R. Co.
 
 v.
 
 Crawford,
 
 24 Ohio St., 631, at page 636, 15 Am. Rep., 633. The law upon this point is expressed in
 
 Steubenville & Wheeling Traction Co.
 
 v.
 
 Brandon, Adm’r.,
 
 87 Ohio St., 187, at page 195, 100 N. E., 325, 327, as follows:
 

 “Whether Brandon looked or not is not clearly shown either way by the testimony. Even though omission to look be regarded a,s negligence, yet we are not to presume negligence on the driver’s part in the absence of proof which establishes it, for negligence is not presumed against either party. It is possible he did look and, mistaking the speed of the car, thought he could safely cross, thus attempting to exercise an undoubted right in a public street. If he did it would be a question for the jury whether a man of ordinary prudence, situated as he was then situated, would have done as he did. But if this is not so, still Brandon had the right to assume that a car would not be running at a
 
 *605
 
 high and dangerous rate of speed, and without signal or alarm, and beyond control, and to act on that assumption on approaching the crossing. The driver of such a vehicle is not, in the use of the street, a trespasser, nor a licensee, but one pursuing an undoubted right, and the question always is, did he, in the pursuing of that right, exercise ordinary care? Nor is he bound to refrain from going upon the crossing merely because a street car is in sight. If he reaches the crossing first he is entitled to cross unless it should appear that the car is in such close proximity, and traveling at such speed, as to make it impracticable to check the same in order to permit him to cross in safety.”
 

 See also
 
 Hart
 
 v.
 
 Devereaux, Recr.,
 
 41 Ohio St., 565:
 

 “Where a city council, by ordinance, has prohibited the running of railroad trains through its limits at a rate of speed greater than that named in the ordinance, a traveler upon a street, in such city, crossing the track of a railroad has a right to presume that the company will conform to such regulation. If he acts in accordance with such-presumption in the absence of knowledge of the fact that the railroad company is exceeding such limit in running a train, it will not of itself be an act of negligence.”
 

 Upon the facts as above given, defendant urges that the doctor at the time of the injury evidently drove straight ahead, not looking to left nor right, not listening for the car, and was hence guilty of contributory negligence. Plaintiff contends that the doctor at the time of the injury looked to the north, was aware of the lawful rate of speed prescribed for interurban cars in the village of
 
 *606
 
 Deshler; that he estimated deliberately that he had time to cross the track; and that the collision occurred because of the excessive speed of the interurban car.
 

 It will be observed that this is not a case in which the mind of the jury was in a state of perplexity or confusion. The jury found that the decedent was not negligent. The Court of Appeals says that as a matter of law the verdict for plaintiff was unwarranted by the plaintiff’s testimony, and yet not a scintilla of evidence tending to establish negligence on the part of decedent was offered by the plaintiff. The case is made even more favorable for the plaintiff in the defendant’s side of the evidence, for some of defendant’s witnesses gave testimony which directly warrants an inference that the decedent exercised due care.
 

 It is true that upon the matter of signals, testimony is definitely given by the defendant’s motorman and conductor that signals were given not only at Plum street, but at the alley 200 feet north of Elm street and within 45 or 50 feet of the Elm street crossing. It is also true that in the defendant’s side of the case the defendant’s theory that the car went on for a distance of 480 feet before it stopped, merely because of the fact that leaves were matted on the rail, making the rail a “slippery” rather than a merely wet rail, was considerably amplified and emphasized. However, upon the cardinal points of the doctor’s conduct immediately preceding the accident and the speed of the doctor’s car, the defendant’s evidence so far from weakening the plaintiff’s case added positive strength thereto. The defendant claimed through the motorman and conductor of the interurban car
 
 *607
 
 that the doctor was driving at a speed of 25 to 30 miles an hour, and that the interurban car was proceeding at a speed of only 10 or 15 miles an hour. However, the conductor stated that his attention was called by the fact that the brakes were being used and he looked out and saw the coupe 25 feet from the track going 25 to 30 miles an hour with the street car 40 or 45 feet away going 15 miles an hour.
 

 If this testimony represented the actual facts, the doctor would not have been killed, for while the street car was going 50 feet the coupe would have gone 100 feet and would have been across the track before the street car arrived at the intersection.
 

 Moreover, while one witness for defendant testified that the doctor was “driving right along, the machine did not slacken its speed,” another said that he was going at a
 
 moderate rate of speed,
 
 while another witness testified that the doctor “was not going very fast, that he speeded up a little at the Lutheran Church upon Elm street in going down the street,” but that she did not see the doctor after he passed the church, which was some 200 feet from the intersection of Elm street and Kiser avenue.
 

 In the defendant’s testimony one witness also testified that the doctor looked to the north in the direction of the street car when he got about 24 or 25 feet from the track. The motorman claimed that Dr. Norris did not look up until two feet east of the curb, just before the car and the automobile came together.
 

 There is evidence in the testimony upon which the jury might have found for the defendant, but the
 
 *608
 
 jury found for the plaintiff, and this court cannot as a matter of law say that there was no evidence in the record justifying that finding.
 

 Even upon the testimony of the plaintiff reasonable minds might differ as to whether the plaintiff had failed to look on arrival at the intersection or had looked and had carefully estimated that he could cross the track before the car. With the defendant ’s testimony added, the case becomes stronger for the plaintiff. In such a situation the jury is to judge the facts, and the court is not to substitute itself for the jury.
 

 The defendant also claims that the trial court did not 'Charge upon the measure of damages. The court instructed the jury that the action was prosecuted for the purpose of recovering damages for pecuniary injury and also read to the jury the allegation of the petition which stated that the children of the deceased had a pecuniary interest in his life. Whatever further charge defining pecuniary damages was necessary, could easily have been requested by counsel for the defendant. No such request was made. The failure to charge being an omission which could have been requested bv counsel, such failure is not ground for reversal.
 
 Scott
 
 v.
 
 State,
 
 107 Ohio St., 475, 141 N. E., 19.
 

 Judgment of the Court of Appeals reversed, and judgment of the common pleas affirmed.
 

 Marshall, O. J., Robinson, Jones, Matthias, and Bay, JJ., concur.
 

 Wanamaker, J., not participating.