STATE OF IOWA, Appellee, v. ARTHUR CLARK, Appellant.

No. 40339.

*Bedell & Bedell,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, *Angus Macdonald,* Former County Attorney, and *K. B. Welty,* Present County Attorney, for appellee.

STEVENS, J.—While other propositions for reversal are recited in appellant's brief, the only one argued is the alleged error of the court in overruling a motion for new trial based upon alleged misconduct of the jurors. Three affidavits of jurors were attached to the motion,  each, in substance, stating that one of the jurors made the following statement in the jury room, before a verdict had been agreed upon: "If you knew the defendant like I do, you would not hesitate to find him guilty." Responding to the inquiry of another juror as to what he meant, the juror said: "Because he does nothing but bootleg." Thereupon another juror said: "I know he is the king of bootleggers." Two of the jurors affirmed that they changed their votes from "not guilty" to "guilty" because of the statements complained of.

These statements by the jurors cannot be considered. They inhere in the verdict. Jurors may not be permitted to thus stultify themselves. *State v. Gilliland,* 187 Iowa 794; *State v. Bird,* 196 Iowa 474. The question to be decided  is: Were the statements and remarks of the jurors of such a character as to have probably influenced or prejudiced the jury in the rendition of the verdict? It will be observed that one of the jurors said he knew the defendant was a bootlegger,

and the other that he was the king of bootleggers. He was not charged with the crime of bootlegging, but with having the illegal possession of intoxicating liquors. His guilt or innocence of this charge was the only issue submitted to the jury. The evidence of guilt was limited to the testimony of one witness. The defendant introduced evidence calculated to impeach the credibility of the testimony of the state's witness. The statements made by the jurors that the defendant was the king of bootleggers, etc., were of a character calculated to prejudice him. It was the duty of the jury to try the case upon the evidence submitted for their consideration. We have, however, recognized that the remarks of a juror in the jury room during deliberation may be of such a character as to be prejudicial to the defendant. The statements complained of in this case are of that character. We desire to repeat, however, that the court will not permit jurors to so stultify themselves as to say that their verdict was based upon the remarks of jurors, and not upon the evidence. The question as to whether there was prejudice will be disposed of upon another basis. Appellant may not have had a fair trial. *Douglass v. Agne,* 125 Iowa 67, 68; *State v. Wegener,* 180 Iowa 102; *State v. Salmer,* 181 Iowa 280; *State v. Gilliland,* 187 Iowa 794.

The judgment is reversed.—*Reversed.*

All the justices concur.