Myers, J.
 

 The question for review is whether the plaintiff, while crossing Eagle avenue, was guilty of contributory negligence as a matter of law. This court has recently decided the case of
 
 Martinovich
 
 v.
 
 E. R. Jones Co., ante,
 
 137. That case, like this, involved the relative rights of a pedestrian and a motor vehicle at a street intersection where traffic is controlled by the usual automatic signals with alternating green and red lights. In the
 
 Martinovich case
 
 there was no city ordinance giving the pedestrian the right of way. In the instant case there was such an ordinance.
 

 Section 2418 of the ordinances of the city of Cleveland read in part as follows: “Creen or go: Traffic facing the signal may proceed except that vehicular
 
 *339
 
 traffic shall yield the right of way to pedestrians and vehicles lawfully within the crosswalk or the intersection at the time such signal he exhibited.”
 

 Section 2424 of the ordinances of the city of Cleveland read as follows: “At intersections where traffic is controlled by traffic control signals or by police officers, pedestrians shall not cross a roadway against the red or stop signal, and between adjacent intersections so controlled shall not cross at any place except at marked or unmarked crosswalks. A pedestrian crossing or starting across in any such crosswalk on a green or go signal shall have the right of way over vehicles and street cars, including those making turns, until such pedestrian has reached the opposite curb or the safety zone, and it shall be unlawful for the operator of any vehicle or street cars to fail to yield the right of way to any such pedestrian. ’ ’
 

 The plaintiff testified substantially as follows: As he started from the southwest v-shaped corner of the Woodland-Eagle intersection to walk north across Eagle avenue he looked to the left (west) and saw the truck of the defendant beyond the Eagle-Ontario intersection at a standstill headed east. As he entered the intersection plaintiff had the green light in his favor. Plaintiff continued northward on the crossing toward the market house and when about half way over he again looked to his left and saw that the light was still green in his favor and that defendant’s truck had not moved. Plaintiff continued to cross and when about 14 feet or 15 feet from the north side of the street or market entrance, he noticed that the traffic light had turned red and at about the same time he was struck by the truck of defendant. There is conflicting evidence in the record as to the proximate cause of the accident. Brown, originally sued as a defendant but later dismissed by the court, was called for cross-examination and testified in part as follows:
 

 
 *340
 
 “Q. When did you first see him- [Meaning the plaintiff.] A. I haven’t seen the man.
 

 “Q. You didn’t see him? A. No. All I have to do is to look out ahead'of me.
 

 “Q. You didn’t see him until he was struck? A. No, sir; I didn’t.”
 

 At the close of plaintiff’s evidence there were also introduced the two mentioned ordinances of the city of Cleveland.
 

 Therefore, when the defendant made the first motion for a directed verdict the plaintiff had testified substantially as above set forth, the driver of the truck had admitted on cross-examination that he had not seen the plaintiff before the latter was hit by the truck, and the ordinances giving the pedestrian the right of way had been introduced. In such a situation we are unable to say that the plaintiff was guilty of contributory negligence as a matter of law. That issue was for the jury. The Court of Common Pleas was not in error in refusing to direct a verdict for the defendant at the close of the plaintiff’s evidence.
 

 Practically the same situation is to be found at the close of all the evidence when the defendant again made a motion for a directed verdict. Although the defendant introduced the testimony of Albert Marti, a patrolman, and of John G-. Brown, a brother of the driver of the truck, their testimony is not of such a convincing character as would require the court, in the consideration of all the evidence, to direct a verdict for the defendant.
 

 There was evidence introduced by defendant tending to indicate that plaintiff walked into the side of the truck. Marti, the patrolman, testified as follows: “Well the truck was quite muddy and dirty and there was a clean spot on the right rear part of the truck where a stake probably would come down. It is a stake truck; and there was a clean spot on the right rear part of that truck.” Attention is also directed
 
 *341
 
 to the fact that plaintiff’s testimony with respect to certain acts jnst before and after the accident is somewhat confusing. But whether the conduct of the plaintiff constituted contributory negligence where, under the cited ordinance, he had the right of way until he “reached the opposite curb,” was an issue of fact for the jury.
 

 It is to be noted that the ordinance of the city of Cleveland in the instant ease was different from and more in favor of the pedestrian than the ordinance of the city of Cincinnati in the case of
 
 Will
 
 v.
 
 McCoy, ante,
 
 241, recently decided by this court. In that case the ordinance merely provided that “it shall be the duty of the operator of any vehicle to yield the right of way to a pedestrian.” The ordinance there did not, as does the ordinance in the instant ease, provide that the pedestrian shall have the right of way “until such pedestrian has reached the opposite curb.” In the
 
 McCoy case
 
 this court declared that under the ordinance there in question, whether a pedestrian in a particular case has exercised ordinary care for his own safety is a jury question where the evidence is conflicting. It is well settled that upon motion for a directed verdict, the party against whom the motion is made is entitled to have the evidence construed most strongly in his favor, and if from the evidence reasonable minds may reach different conclusions upon any question of fact material to the issue, such question of fact is for the jury.
 
 Hubach, a Minor,
 
 v.
 
 Cole,
 
 133 Ohio St., 137, 12 N. E. (2d), 283;
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co., 127
 
 Ohio St., 469, 189 N. E., 246.
 

 Under the ordinance of the city of Cleveland, the plaintiff, entering the intersection with a, green light in his favor, had the absolute right of way over the defendant’s truck as long as the traffic light remained green in his favor. After the traffic light turned red as .to him and green as to the truck, plaintiff still had the preferential right of way under the ordinance
 
 *342
 
 until he reached the opposite curb or other point on such crosswalk beyond the' zone of existing danger of collision and consequent injury. Where an ordinance gives a pedestrian crossing a crosswalk at an intersection on a green or go signal the right of way over vehicles until such pedestrian has reached the opposite curb, the question of contributory negligence of such pedestrian includes the consideration not' only of the conduct of such pedestrian in crossing such crosswalk but also of the extent of the right of way granted by the ordinance. In deciding whether such pedestrian has exercised care or caution for his own safety, consideration must be accorded to the terms of such ordinance.
 
 Volpe v. Perruzzi,
 
 — N. J.L., —, 3 A. (2d), 892. And where such ordinance further provides that “it shall be unlawful for the operator of any vehicle or street cars to fail to yield the right of way to any such pedestrian,” the pedestrian, while not absolved from the requirement of exercising ordinary care and caution for his own safety, does have a right to expect, in the absence of notice or knowledge to the contrary, that the operator of such motor vehicle or street car will obey the law.
 
 Norris, Exrx.,
 
 v.
 
 Jones, Recr.,
 
 110 Ohio St., 598, 144 N. E., 274;
 
 Dougherty, Gdn.,
 
 v.
 
 McFee,
 
 221 Iowa, 391, 265 N. W., 176. The ordinary care required of such pedestrian must be measured in the light of such expectation, together with the other facts and circumstances.
 
 McDonald
 
 v.
 
 Wichstrand,
 
 206 Wis., 58, 238 N. W., 820.
 

 Under an ordinance giving the pedestrian the right of way, the driver of a motor vehicle is necessarily required to exercise greater care than where there is no such ordinance. In
 
 Johnson
 
 v.
 
 Johnson,
 
 85 Wash., 18, 25, 147 P., 649, the court made the following observations: “The term ‘right of way’ must have some bearing upon the relative rights, hence on the relative care required of the parties. If a pedestrian must
 
 *343
 
 exercise the same care of continuous observation at the crossings as in the middle of the block, in order to avoid the charge of contributory negligence when run down by a speeding automobile without sounding a warning, then he has no right of way, but enters upon any part of the street at his own peril. If the conceded right of way means anything at all, it puts the necessity of continuous observation and avoidance of injury upon the driver of the automobile when approaching a crossing, just as the necessity of the case puts the same higher degree of care upon the pedestrian at other- places than at crossings.” Furthermore, where the pedestrian is given the right of way until he reaches the opposite curb, as in the instant case, the operator of a motor vehicle is required to exercise still greater care than where an ordinance gives to the pedestrian merely the right of Way without mentioning the entire distance across the street.
 

 Where an ordinance gives a pedestrian crossing a crosswalk on a green or go signal the right of way over vehicles until such pedestrian has reached the opposite curb, and where, considering all the circumstances of the instant case, the plaintiff looked to his left as he started across such crosswalk with a green light and looked again when in the middle of the street and seeing the light still green in his favor, continued to cross the -street and was struck by the truck when about fifteen feet from the opposite curb, it was error to rule that plaintiff was guilty of contributory negligence as a matter of law. It is not for the court to say how many times or how often a pedestrian must look in crossing a street. “The law does not prescribe the exact point at which the traveller on the highway is to look and listen * * *.”
 
 C., C., C. & St. L. Ry. Co.
 
 v.
 
 Kuhl, Admx.,
 
 123 Ohio St., 552, at page 558, 176 N. E., 222. Under the circumstances of the instant case the question of contributory negligence was an
 
 *344
 
 issue for the jury under proper instructions of the court.
 

 ¡Since this court is not required to review the weight of the evidence, the judgment of the Court of Appeals is reversed and the cause remanded to that tribunal with instructions to pass upon the weight of the evidence.
 
 Peer
 
 v.
 
 Industrial
 
 Commission, 134 Ohio St., 61, 15 N. E. (2d), 772.
 

 Judgment reversed and cause remanded.
 

 Day, Williams and Hart, JJ., concur.