## SIMCOX v. BALTIMORE & O. R. CO.
### No. 9384.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1943.

Fred J. Heim, of Youngstown, Ohio (Walter O. R. Johnson and Fred J. Heim, both of Youngstown, Ohio, on the brief), for appellant.

T. Lamar Jackson, of Youngstown, Ohio (T. Lamar Jackson, and Harrington, Huxley & Smith, all of Youngstown, Ohio, on the brief), for appellee.

Before ALLEN, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment non obstante veredicto entered in the district court, pursuant to the power vested in the district judge under Civil Procedure Rule 50(b), 28 U.S.C.A. following section 723c.

Appellant, as administrator, instituted a civil action for death of his decedent by the alleged wrongful act of the appellee railroad company, and recovered damages by the verdict of a jury.

The single question presented is whether, viewing the evidence in the light most favorable to plaintiff below, there was sufficient substantial evidence to require the submission of the case to the jury. It cannot be and indeed is not denied that there was sufficient evidence of negligence upon the part of the appellee railroad company to justify submission of the case to the jury; but the district court held that, upon the whole proof, appellant's decedent was guilty of such contributory negligence as would bar submission of the case to the jury.

In this conclusion, we do not concur. It appears from the record that, before crossing the railroad tracks of the appellee at the locale of the fatal accident, the appellant's decedent stopped his automobile, then proceeded slowly across the double railroad tracks. There is evidence that, from the position of the decedent, the view down the railroad tracks was somewhat obstructed by the superstructure of a bridge, by the railroad watchman's shed at the end of the bridge near the railroad tracks, by fog and mist, and by steam from a nearby engine. It appears, further, that the watchman was absent from his post at the crossing; and that the flag customarily placed in the street near the crossing to warn the public of his absence was not in its usual position.

These circumstances must be considered in connection with the facts that the collision occurred at the only railroad crossing in the town of Struthers, at a point much traveled by the public, and that the two-engined railroad train which struck the automobile of appellant's decedent was traveling at an estimated speed of from forty-five to sixty-five miles per hour in violation of a town ordinance. It struck another automobile and barely missed two others.

Applying the Ohio law to the factual situation revealed, the question of contributory negligence in the instant case was for the jury. See Cleveland, Cincinnati, Chicago & St. Louis Railway Co. v. Kuhl, Administrator, 123 Ohio St. 552, 176 N.E. 222; Norris v. Jones, Receiver, 110 Ohio St. 598, 144 N.E. 274; and Smith, Ex'r, v. Toledo & Ohio Central R. Co., 133 Ohio St. 587, 15 N.E.2d 134. The district judge, therefore erred in entering judgment for the defendant non obstante veredicto.

The judgment of the district court is, accordingly, reversed, with direction that judgment be entered for the appellant on the verdict of the jury, in the amount of damages assessed by the jury.