**SEXAUER, Plaintiff-Appellant, v. GORHAM, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2162.   Decided December 12, 1951.

Oldham & Oldham, Dayton, Carl W. Norman, of Counsel, for plaintiff-appellant.

Pickrel, Schaeffer & Ebeling, Dayton, H. Thomas Haacke, Jr., of Counsel, for defendant-appellee.

514

## OPINION

By MILLER, J:

This is a law appeal from the judgment of the Court of Common Pleas rendered in favor of the defendant on the verdict of a jury. The action was one for personal injuries received by the plaintiff while walking in a northerly direction with the green light and within the crosswalk at a street intersection. The petition alleges that while the plaintiff was so walking she was struck by the defendant's automobile when she was about three-fourths of the distance across the intersection; that the defendant was proceeding in a southerly direction and when the defendant arrived at the intersection she made a right hand turn resulting in plaintiff's injury.

The answer, after admitting the collision, denies that the injuries the plaintiff sustained were proximately caused by any negligence on the part of the defendant. It further charged that the injuries sustained by the plaintiff were wholly and solely caused by the following acts and omissions of the plaintiff.

(1) Plaintiff failed to keep a lookout ahead.

(2) Plaintiff walked into the left side of the defendant's automobile at the left front fender.

The first error assigned is that the verdict of the jury is contrary to law and not sustained by the evidence. We have carefully examined the entire record and are of the opinion that this assignment is not well made. The evidence submitted permitted the inference to be drawn that the plaintiff herself was negligent and the jury so found in the two special interrogatories submitted. It is to be noted that the plaintiff testified that she at no time saw the automobile of the defendant prior to the collision although it had approached from the opposite direction and was proceeding to make a right turn. The plaintiff upon her own testimony had the right of way as she moved over the crosswalk and this right of way protected her until such time as she knew, or in the exercise of ordinary care, should have known, that the defendant did not intend to stop her automobile. It was then incumbent upon her to exercise ordinary care for her own safety, and whether or not she did so became a question for the determination of the jury.

It is next urged that the court erred in giving defendant's special charge No. 1-B before argument, which is as follows: "You are instructed that it was the duty of the plaintiff, Mrs. Sexauer, in crossing Third Street to exercise ordinary care in the use of her faculties of sight and hearing in looking and listening for automobiles; and if, being in the full possession of both faculties, she failed to see or hear anything when a prudent person, exercising his eyes and ears with ordinary care would have discovered the automobile in close proximity, and she was thereby injured then in such event she cannot recover in this action and your verdict must be for the defendant, Sylvia G. Gorham."

The appellee urges that this Court approved this identical charge in the case of **Keller v. City Railway Co., 53 Abs 417,** wherein the facts were somewhat similar to those here. It is quite true that the trial court gave the special instruction referred to, but the correctness of the same was not challenged since it was given at the request of the defendant who was the appellant. This Court merely stated that the trial court did not err in refusing to give the defendant's special instruction "f" in the Kellar case, supra, for the reason that substantially the same charge had been given previously. Since the correctness of the charge was not involved this Court expressed no opinion concerning the same. In giving consideration to the correctness of the defendant's special charge No. 1-B in the case at bar it will be noted that no reference is made to the plaintiff's preferential right of way in crossing with the green light within the crosswalk as defined by §6307-13 and §6307-45 GC. In deciding whether the plaintiff exercised ordinary care for her own safety consideration must be accorded to the terms of the statute granting her a preferential right to proceed uninterruptedly. In the case of **Juergens v. Bell Distributing, Inc., 135 Oh St 335,** at **page 342** the Court says:

"Where an ordinance gives a pedestrian crossing a crosswalk at an intersection on a green or go signal the right of way over vehicles until such pedestrian has reached the opposite curb, the question of contributory negligence of such pedestrian includes the consideration not only of the conduct of such pedestrian in crossing such crosswalk but also of the extent of the right of way granted by the ordinance. In deciding whether such pedestrian has exercised care or caution for his own safety, consideration must be accorded to the terms of such ordinance. Volpe v. Perruzzi,—N. J. L.,—3 A. (2d), 892. And where such ordinance further provides that 'it shall be unlawful for the operator of any vehicle or street

cars to fail to yield the right of way to any such pedestrian,' the pedestrian, while not absolved from the requirement of exercising ordinary care and caution for his own safety, does have a right to expect, in the absence of notice or knowledge to the contrary, that the operator of such motor vehicle or street car will obey the law. **Norris, Exrx., v. Jones, Recr., 110 Oh St**, 598, 144 N. E., 274; Dougherty, Gdn., v. McFee, 221 Iowa, 391, 265 N. W., 176. The ordinary care required of such pedestrian must be measured in the light of such expectation, together with the other facts and circumstances. McDonald v. Wickstrand, 206 Wis., 58, 238 N. W., 820."

It is therefore our conclusion that the defendant's special charge 1-B was erroneously given for the reason that it gave no consideration to the plaintiff's preferential right of way in determining whether or not the plaintiff exercised ordinary care for her own safety. This, we think, was prejudicial to the rights of the plaintiff.

It is further urged that the Court should not have given the defendant's special charge 6-B, which we quote:

"The Court charges you that if the plaintiff, Christena E. Sexauer, has, in making her case, produced such testimony that from it an inference fairly arises plaintiff, herself, was negligent, then the burden is upon the plaintiff to counterbalance that inference; and if such inference is not counterbalanced by the evidence, then plaintiff cannot recover and your verdict must be for the defendant."

The correctness of the charge is not challenged, but it is urged that the same should not have been given because the record discloses no inference of contributory negligence on the part of the plaintiff arising from her evidence as a matter of law which the plaintiff was required to rebut. As stated previously, we think that the issue of contributory negligence was involved in the case and therefore the Court did not err in giving the special charge.

We have examined the court's general charge and are of the opinion that it properly states the law applicable to the issues presented, with the exception that, as also in defendant's special charge 1-B, it did not require consideration of the plaintiff's preferential right of way in determining whether or not she had exercised ordinary care.

The judgment will be reversed and cause remanded for further proceedings according to law.

WISEMAN, J, concurs and HORNBECK, PJ, concurs in judgment.