**STATE, Plaintiff-Appellee, v HOWEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County

No. 3877.   Decided February 8, 1946.

 

Ralph J. Bartlett, Prosecuting Attorney, William C. Bryant and Daniel S. Webber, Assistant Prosecuting Attorneys, Columbus, for Plaintiff-Appellee.

Russ Bothwell, Columbus, for Defendant-Appellant.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Court of Common Pleas, Franklin County, Ohio, wherein the defendant was found guilty of manslaughter in the second degree.

The record discloses that on June 10, 1945, Irene A. Duffy, the deceased, and her husband were walking south on the west side of Eighteenth Street in the City of Columbus, Ohio; that when they arrived at the intersection of Eighteenth Street, which intersection is controlled by a traffic light, the light was red. After a few moments the light turned green for the north and south traffic on Eighteenth Street and the deceased and her husband started across Mound Street on the crosswalk. When they had arrived at a point several feet south of the center line of Mound Street they were struck by the automobile of the defendant which resulted in the death of Mrs. Duffy on the following day.

The defendant was driving his automobile in an easterly direction on Mound Street at a speed of approximately twenty to twenty-five miles per hour and when he was approximately a half a square from the light, seeing that it was red, he slowed down his speed to approximately five or ten miles per hour, and when he was fifty to sixty feet west of the light it turned green for the east and west traffic and

510

the defendant proceeded on into the intersection, striking the deceased and her husband. The defendant testified that he did not see these parties prior to the impact. The accident happened about 9:30 P. M. and a misty rain was falling.

The record discloses further that there was a street light at the northwest corner of this intersection.

The trial court found that the deceased and her husband entered the intersection on the green light. The testimony of the defendant tends to corroborate this finding, as he testified that the light turned to green for the east and west traffic when he was some fifty or sixty feet west of the intersection.

The indictment, in addition to charging violation of §6307-18 GC, defining second degree manslaughter, also charged violation of §6307-12 GC, §6307-20 GC and §6307-45 GC. The plea was one of not guilty. A jury was waived and trial was had before a Judge of the Common Pleas Court. The Court found the defendant guilty as charged and motion for new trial was overruled.

The assignments of error are in substance that the finding of the trial court was contrary to law and contrary to the evidence.

The definition for manslaughter in the second degree is found in §6307-18 GC which is as follows:

"Whoever shall unlawfully and unintentionally kill another while engaged in the violation of any law of this state applying to the use or regulation of traffic, shall be guilty of manslaughter in the second degree."

We are, therefore, confronted with the question of whether or not the defendant was violating any law of this state applying to the use or regulation of traffic at the time of the fatal injury. The indictment charges that the defendant violated three separate and distinct sections of the state traffic laws, to wit, §§6307-45, 6307-20 and 6307-12 GC. Sec. 6307-45 GC, provides:

"It shall be the duty of the operator of any vehicle, street car or trackless trolley to yield the right of way to a pedestrian lawfully crossing the roadway within any crosswalk."

Under this section we find that since the deceased en-

tered the intersection on the green light and was walking within the crosswalk, that she had the right of way. The right of way is defined by §6307-2 GC as

"the right of a vehicle, street car, trackless trolley or pedestrian to proceed uninterruptedly in a lawful manner in the direction in which it or he is moving in preference to another vehicle, street car, trackless trolley or pedestrian approaching from a different direction into its or his path."

This right of way was not granted to the deceased, and we therefore find that the trial court properly found the defendant violated this section of the state code.

The indictment also charges that the defendant violated §6307-20 GC, which provides:

"No person shall operate a vehicle, * * * without due regard for the safety and rights of pedestrians and drivers and occupants of all other vehicles * * *, and so as to endanger the life, limb or property of any person while in the lawful use of the streets or highways."

We find that the defendant violated this section also as he operated his automobile without regard to the rights of the deceased who had the right to proceed uninterruptedly across the street.

The defendant is charged also in the indictment with violating §6307-12, but we do not believe that the record supports a violation of this section by the defendant.

Counsel for the defendant cites the case of **Nartinovich v Jones, 135 Oh St 137**, which was decided on March 15, 1939, more than two years prior to the enactment of the uniform traffic code. The first syllabus of this case reads as follows:

**"In the absence of statute or ordinance so prescribing,** there is not an absolute duty devolving upon the driver of a motor vehicle standing at or approaching a street intersection, upon receiving the green or 'go' signal of a traffic light, to wait until one on the crosswalk is entirely out of the intersection before such driver may move into it. A charge to the jury imposing such absolute duty would be erroneous." (Emphasis ours.)

We think this case has no application, for we have made reference to §6307-45 GC and §6307-20 GC, which are statutes which prescribe the conduct to be pursued by one who has received the green or "go" signal of a traffic light.

We find the case of **Guergens v Bell**, also reported in the **135 Oh St 336**, is more applicable to the case at bar, the second syllabus of which provides:

"Where an ordinance gives a pedestrian, crossing or starting across a crosswalk at such an intersection on a green or go signal, the right of way over vehicles until such pedestrian has reached the opposite curb, the question of contributory negligence of such pedestrian includes consideration not only of the conduct of such pedestrian in crossing such crosswalk but also of the extent of the right of way granted by the ordinance, and where such ordinance further provides that it shall be unlawful for the operator of any vehicle to fail to yield the right of way to any such pedestrian, the latter, while not absolved from the requirement of exercising ordinary care for his own safety, **does have the right**, in the absence of notice or knowledge to the contrary, **to expect that the operator of such motor vehicle will obey the law.**" (Emphasis ours.)

In the instant case the deceased had a right to expect that the defendant would obey the law, which he failed to do.

These cases cited hold that the pedestrian may be guilty of contributory negligence which bars a recovery, even though the driver of a motor vehicle violated a law which directly contributed to the injury, but we are not confronted with the question of contributory negligence in this case. We are only interested in whether or not the defendant was violating a law relating to the use or regulation of traffic at the time of the injury, and which we have found in the affirmative.

The judgment is affirmed and cause ordered remanded.

HORNBECK, PJ, and WISEMAN, J, concur.