**STOUT, Plaintiff-Appellant, v. WAGNER, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1976. Decided November 24, 1948.

142

Matthews & Altick, Dayton, for plaintiff-appellant.
Harshman & Young, Dayton, for defendant-appellee.

## OPINION

By HORNBECK, J.

Plaintiff appeals from a judgment of the Common Pleas Court dismissing her petition upon a verdict of a jury on behalf of the defendant.

The action was for personal injuries sustained by appellant when struck by an automobile driven by appellee. The collision occurred on the north cross-walk on South Main Street, Dayton, Ohio, at the intersection of South Main and Fourth Streets. Appellant was moving from the east side of South Main Street on the cross-walk, intending to cross to the west side of the street. Defendant was moving southwardly on South Main Street approaching Fourth Street in the middle strip of a three-way lane in the west half of South Main Street. The collision occurred after the appellant had reached a place on the cross-walk in front of, or to the left side of, the left fender of defendant's automobile.

The principal issue between the parties arises upon the respective obligation of each party in the situation presented at the time of impact.

Eight errors are assigned, all of which except Nos. 7 and 8 may be encompassed under two headings, namely, (1) refusal to give certain special instructions before argument upon request of plaintiff and error in the general charge, and (2) the giving of special instruction No. 1 before argument upon request of defendant.

The case made by the plaintiff upon her testimony is not that which is pleaded in her petition. She stated, thirty-two times, that prior to and at the time she was struck she had the green traffic light in her favor; that she waited on the east side of South Main Street until the light changed to green, then stepped off the curb on to the street and hurriedly walked on the cross-walk across the street and had almost gotten to the west side of the street when she was struck by

defendant's automobile. There is consistency in her statements because she had 17½ seconds from the time that the signal changed to green until it flashed amber and if she had hurried she would, in probability, have reached the place where she was struck before the change in the signal light to amber. Had she so pleaded, she would have been entitled to have her theory of her case presented to the jury, although other testimony from her own witness was not in accord with hers. The **Painesville Utopia Theatre v. Lautermilch, 118 Oh St 167; Pope v. Mudge, 108 Oh St 192.** Plaintiff, however, pleaded that at the time she was walking in the cross-walk the traffic light exhibited a green signal for traffic and pedestrians proceeding westwardly; "that when said traffic light changed to green for south-bound traffic on Main Street said defendant proceeded forward into said north cross-walk without permitting plaintiff to proceed the rest of the way across South Main Street and struck her with his automobile, * * *." That is to say, plaintiff pleads that while she was moving on the cross-walk and before she had completed her crossing to the west side of South Main Street, the traffic light changed to green for the defendant, and therefore, because of the arrangement of the traffic signals the light at that time was red for her.

The first specification of negligence is the failure of defendant to yield the right-of-way to plaintiff. Consistent with this claim, plaintiff presented four special instructions to the court which she requested to be given to the jury before argument, all of which, Nos. 4, 5, 6 and 8 were refused. It is asserted that No. 8 was requested only after Nos. 4 and 5 had been refused and, as we understand, would not have been urged but for the refusal.

The instructions requested are:

"4. If you find by a preponderance of the evidence that Mary Stout was walking across South Main Street at Fourth Street within the north cross-walk with the green signal of the traffic light, and that the traffic signal changed to green for south-bound traffic on South Main Street, at said time, then you are instructed that Robert Wagner was required by statute to yield the right-of-way to her, and was legally bound to permit her to proceed uninterruptedly in a lawful manner through the intersection."

5. "If you find that Mary Stout had the 'right-of-way' while in the cross-walk then, I charge you as a matter of law, that in the absence of knowledge to the contrary, she had a right to expect and assume that Robert Wagner would obey the law and yield to her such 'right-of-way'."

6. "If you find that Mary Stout had the 'right-of-way' while in the cross-walk and that defendant, Robert Wagner, failed to yield it to her and such failure to yield the 'right-of-way' was the sole proximate cause of her injuries, if any, then, I instruct you as a matter of law that said Robert Wagner was guilty of negligence and your verdict must be for the plaintiff and against the defendant."

8. "If you find by a preponderance of the evidence that Mary Stout was walking across South Main Street at Fourth Street within the north cross-walk with the green signal of the traffic light in her favor, and that the traffic signal changed to green for south-bound traffic on South Main Street while she was lawfully crossing said street within said cross-walk, then you are instructed that Robert Wagner was required by statute to yield the right-of-way to her and she had a statutory right to proceed uninterruptedly in a lawful manner in the direction in which she was moving in preference to the south-bound automobile of Robert Wagner and under such circumstances she would have a right to expect, in the absence of knowledge to the contrary, that Robert Wagner would obey the law and yield the right-of-way to her."

Defendant's special charge No. 1, given at his request before argument is,

"The Court charges you that if you find that plaintiff, as she was proceeding across South Main Street, did not use her senses of sight and hearing, or such care for her own safety as a reasonably prudent person would have done under the same or similar circumstances then plaintiff, Mary Stout, was negligent, and if you then further find that plaintiff's own negligence directly caused or contributed in the slightest degree to cause the injuries and damages complained of, your verdict must be for the defendant."

The court in its general charge in various places therein said to the jury, in substance, that at the time of the collision each of the parties had an equal right to the use of the highway and both were bound to exercise ordinary care for their own safety and for the safety of each other.

The court in refusing plaintiff's requested special charges before argument, and in its general charge, followed the doctrine of the case of **Martinovich, etc. v. The E. R. Jones Co., 135 Oh St 137**, and if this case is controlling, then the action of the court was correct.

It is urged by appellant that the rights of the parties here are controlled by the statute, §6307-13 and §6307-45 GC.

These provisions of the Code were effective September 6, 1941, while the cited case was decided on March 15, 1939. The first line of the first syllabus of this case says,

"In the absence of statute or ordinance so prescribing,—there is not an absolute duty devolving upon the driver of a motor vehicle standing at or approaching a street intersection, upon receiving the green or 'go' signal of a traffic light, to wait until one on the crosswalk is entirely out of the intersection before such driver may move into it. A charge to the jury imposing such absolute duty would be erroneous."

And the second syllabus,

"A signal by automobile light of traffic police-man to proceed does not absolve the driver of a motor vehicle from the duty to exercise ordinary care for the safety of pedestrians at a known street crossing. The care and caution to be exercised as to those in the intersection must be commensurate with the existing danger of collision and consequent injury."

Inasmuch as we now have the statutes defining rights and obligations of those affected by traffic signals and their operation, which statutes were not in effect when the cited case was decidedd, the narrow question is whether the terms of these statutes change in any particular the rights of the parties as declared in the adjudication. The pertinent language of §6307-13 GC is,

"Whenever traffic is controlled by traffic-control signals exhibiting the words 'go', 'caution', or 'stop', or exhibiting different colored lights successively one at a time, * * *, the following colors only shall be used and said terms and lights shall indicate and apply to operators of vehicles, street cars and trackless trolleys, and pedestrians, as follows:

(a) Green alone or 'go'.

1. Pedestrians facing the signal may proceed across the roadway within any marked or unmarked crosswalk.

2. All other traffic facing the signal except as provided under Sections 35 and 56 may proceed straight through or turn right or left unless a sign at such place prohibits either such turn. But such traffic shall yield the right-of-way to vehicles, street cars and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited.

(d) Red alone or 'stop'.

1. * * *

2. All other traffic facing the signal shall stop before entering. the intersection and shall remain standing until authorized. to proceed by a traffic-control device."

**Sec. 6307-45 GC** provides,

"(a) It shall be the duty of the operator of any vehicle,. * * *, to yield the right-of-way to a pedestrian lawfully crossing. the roadway within any crosswalk.

"(b) Whenever any vehicle, * * * is stopped at a marked. crosswalk, * * *, at an intersection to permit a pedestrian to· cross the roadway, the operator of any other vehicle, * * * approaching from the rear shall not overtake and pass such. stopped vehicle, * * *."

The testimony of plaintiff's witness, Scott, is to the effect. that as the plaintiff proceeded across the intersection, when. she passed the center thereof, his automobile was stopped on the red signal a very short distance from the north side of the· cross-walk just to the west of a safety zone in the first lane· in the west half of Main Street; that when plaintiff was. struck she had passed this first automobile and probably had taken one step to the west when the signal changed to· green for him, and therefore, green for the defendant. At that moment defendant, whose automobile the petition avers was then standing in the second lane for automobile traffic and just west of the Scott automobile, immediately upon the· change of light to green for him moved into the intersection and struck the plaintiff. Plaintiff insists that, although she saw the Scott automobile, she did not see defendant's car· and defendant says that although he observed the Scott car,. he did not see the plaintiff until she stepped into his fender. The language of the code now prescribes the respective rights and duties of the parties here and it is somewhat at variance with that announced in the case upon which the trial judge relied.

As the plaintiff had the green light until about the time she· reached the place where she was struck, even though it had changed to red at that time, she was lawfully on the cross-- walk and was permitted under §6307-13 (a) 1 GC, to proceed across the intersection. This right accorded to her, the· defendant was required to respect because, as provided in §6307-13 (a) 2 GC, there was enjoined upon him the specific .obligation to "yield the right-of-way to pedestrians lawfully· within a cross-walk at the time that such signal is exhibited." Like obligation is required of the defendant under §6307-45 (a)· **GC.**

We have held in **State v. Howey, 78 Oh Ap 419**, that "Where a pedestrian starts across the street on a cross-walk at a street intersection with the green traffic light in her favor, but before she reaches the opposite side walk the traffic light changes and the operator of a vehicle, with the green light then in his favor, attempts to cross the intersection and strikes such pedestrian", he may be found to have "violated the provisions of §6307-45 GC * * *, prescribing the duties of an operator of a vehicle to yield the way to a pedestrian * * *,". We said in the opinion in this case, as we say here, that **Juergens v. Bell Dist. Inc., 135 Oh St 335**, 21 N. E. (2d) 90, is more applicable to the case at bar than Martinovich v. Jones, supra. For cases outside Ohio see annotation to Kirk v. Los Angeles R. Corp., 164 A. L. R. 152. All of the special instructions requested by the plaintiff, Nos. 4, 5, 6 and 8 are, in our opinion, sound propositions of law and should have been given.

In so far as the general charge is at variance with the meaning of the statutes, as we have construed them, it was erroneous and prejudicial to the plaintiff. The parts of the general charge to which the appellant excepts are numerous and we will not restate them here as there should be no difficulty in applying our holding to the incorrect and inapplicable portions of the charge as given.

We find no error in the giving of defendants special instructions No. 1 before argument. It is urged that the language "did not use her senses of sight and hearing" was too restrictive in that it attempted to define the extent to which the plaintiff was required to use her senses. We do not so read it. It merely requires that she use her sense of sight and hearing and does not undertake to specify when nor where she would be required in the exercise of ordinary care to use such senses. The charge does not have the objectionable features found in the case of Juergens v. Bell Dist. Inc., supra, and **C. C. C. & St. L. Ry. Co. v. Kuhl, 123 Oh St 552, 558**.

We do not find assignment of error No. 7 well made. No. 8. That the judgment is contrary to law is established upon the prejudicial error which we have found respecting the special and general charge.

For the reasons assigned the judgment will be reversed and the cause remanded.

WISEMAN, PJ and MILLER, J, concur.