**STOUT, Plaintiff-Appellee, v. WAGNER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2092.    Decided April 14, 1950.

Mathews & Altick, Dayton, Hugh H. Altick, of Counsel, for plaintiff-appellee.

Harshman & Young, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from the Common Pleas Court of Montgomery County, Ohio, which rendered judgment on a verdict rendered in favor of the plaintiff for two thousand dollars in an action to recover damages for personal injuries sustained by the plaintiff, a pedestrian, when struck by an automobile operated by the defendant at Fourth and Main Streets in the City of Dayton, Ohio.

The first trial of this action resulted in a verdict and judgment for the defendant, which was reversed on appeal by this Court on the ground that the trial court had committed prejudicial error in its general charge and in refusing to give certain special instructions requested by the plaintiff.  The opinion of this Court is reported in **53 Abs 141**, 83 N. E. (2d) 231 and, on the application for rehearing, in 85 N. E. (2d) 306.

The plaintiff in her petition alleges three specifications of negligence:

First, defendant negligently failed to yield the right of way.

Second, defendant failed to maintain a proper look out.

Third, defendant failed to have his automobile under control.

The defendant denies that he was negligent in any respect.

Contributory negligence on the part of the plaintiff was not pleaded, but became an issue for consideration of the jury upon the presentation of the evidence. The court charged the jury in regard to contributory negligence.

A brief statement of the facts will suffice. There is ample evidence to support factual findings, as follows: South Main Street extends in a northerly and southerly direction, and Fourth Street in an easterly and westerly direction and intersects South Main Street at right angles. On September 22, 1946, at about 7:30 p. m., the plaintiff, a woman seventy-one years of age, left the east curb of Main Street when the traffic light was green for traffic on Fourth Street and walked in a westwardly direction in the crosswalk along the north side of Fourth Street intending to cross to the west curb of Main Street, and was more than one-half way across Main Street when the accident occurred. The defendant was operating his automobile in a southerly direction on the west side of Main Street and had stopped his automobile at Fourth Street in the middle lane of three southbound traffic lanes, with the front end of his automobile about three feet north of the north edge of the crosswalk in which the pedestrian was walking, to wait for the traffic light controlling traffic on Main Street to change from red to green. Another automobile had stopped in the southbound traffic lane on the left of defendant, with the front end of the automobile about even with the north edge of the crosswalk. When the plaintiff neared the position of the defendant's automobile the traffic lights changed, showing green for traffic on Main Street and first yellow and then red for traffic on Fourth Street. When the traffic light on Main Street flashed green the defendant moved his automobile forward into the crosswalk. Plaintiff approached the defendant's automobile from the left and was struck by the left front fender of defendant's automobile.

The defendant-appellant assigns as error: Refusal of the trial court to give before argument special instructions requested by defendant-appellant numbered four and five; and that the judgment is contrary to law.

The special instructions requested by the defendant-appellant, and refused by the trial court, are predicated on several provisions of the Uniform Traffic Act of the State of Ohio, which the defendant claims controls the care which the plaintiff was required to exercise in proceeding over the crosswalk

after the traffic signal showed green for traffic on Main Street and yellow, then red, for traffic on Fourth Street.

In its former opinion in this case (53 Abs 141) this Court held that under §6307-13 (a) 2 and §6307-45 GC, the plaintiff was lawfully within the crosswalk at the time the traffic light signal changed and she was permitted to proceed across the intersection; that the defendant was required to yield the right of way to the plaintiff. The applicable portion of §6307-13 (a) 2 GC provides that when the traffic light shows green traffic facing the signal may proceed straight through,

"but such traffic shall yield the right of way to vehicles, street cars, and trackless trolleys lawfully within the intersection and to pedestrians lawfully within a crosswalk at the time such signal is exhibited."

The applicable part of §6307-45 GC provides:

"It shall be the duty of the operator of any vehicle, street car or trackless trolley to yield the right-of-way to a pedestrian lawfully crossing the roadway within any crosswalk."

We reaffirm our ruling in our former opinion as the factual development in this second hearing is the same as in the first hearing.

The defendant claims that there is evidence in the record to support his contention that the plaintiff did not proceed to use the crosswalk in a lawful manner after the traffic lights changed, showing first yellow and then red for traffic on Fourth Street. The defendant's contention is based on that portion of §6307-13 GC, which reads as follows:

"(b) Yellow alone or 'caution' when shown following the green or 'go' signal.

"All traffic facing the signal shall stop provided that any traffic within the intersection shall be permitted to continue **cautiously** through the intersection." (Emphasis ours.)

The defendant contends that there is evidence in the case tending to prove that the plaintiff did not proceed "cautiously" over the crosswalk after the lights changed but on the contrary that she continued heedlessly, precipitously and incautiously and as a consequence she was not proceeding "in a lawful manner."

Special instructions requested by the defendant numbered four and five and refused to be given are predicated on the

defendant's interpretation of that portion of the Uniform. Traffic Act just quoted. Special Instruction No. 4 is as follows:

"The court charges you that the word 'cautiously' which is used in Subsection (b) of §6307-13 GC means attentive to examine the probable consequences of acts with a view to avoiding danger. Thus one who does a thing cautiously does it warily, prudently, vigilantly, watchfully, and with senses alert to avoid danger."

Special Instruction No. 5 is as follows:

"The court charges you that if you find that the traffic signal which Mary Stout faced as she proceeded across South Main Street showed a green light and changed directly from a green light to a yellow light she was required, as she continued through the intersection after such change occurred, to continue cautiously and if you find she did continue through the intersection after such change occurred, but failed to do so cautiously she was not then proceeding lawfully and, while so proceeding, had no right of way over the defendant, Robert Wagner."

The defendant contends that the section of the Uniform Traffic Act above quoted required the plaintiff to continue "cautiously" through the intersection and that a higher degree of care than ordinary care is required. We do not agree with this interpretation of the Act. We do not believe that it was the intention of the legislature to require a degree of care higher than ordinary care to be exercised in a situation covered by this section. Ordinary care to be exercised varies according to the factual situation involved. However, the standard of care in any given factual situation remains the same. The word "cautiously" is a word in common use and a definition or explanation was not required. The substance of Special Instruction No. 5 was given in Special Instruction No. 1 requested by the defendant. Furthermore, No. 5 as requested fails to state that plaintiff was permitted to proceed through the intersection and fails to state the degree of care required to be exercised by the plaintiff. The refusal to give Special Instruction No. 5 was not error. The verdict and judgment are not contrary to law.

Judgment affirmed.

MILLER, PJ, and HORNBECK, J, concur.